**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas Michael FERRI, Defendant.**

**No. 71–CR–81.**

United States District Court,
W. D. Wisconsin.

April 24, 1973.

John O. Olson, U. S. Atty., by James M. Bablitch, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Patrick R. Doyle, LaCrosse, Wis., for defendant.

## OPINION and ORDER

JAMES E. DOYLE, District Judge.

Defendant was charged with possessing marijuana in violation of 21 U.S.C. § 844. He has filed a motion "to suppress as evidence all items obtained in the search of a certain automobile being operated by [Ferri] and in the search of a dwelling at 4481 Keil Coulee Road, LaCrosse, Wisconsin, on the ground that the said searches were without warrant and not within the scope of any exception to the requirement of a warrant. . . . " In an affidavit filed with the court Ferri avers that on June 2, 1971, while operating a 1970 green NSU automobile, he was arrested without a warrant and his car was searched without a warrant. Since the government does not dispute Ferri's statement that the search was made without a warrant, it bears the burden of proving that the search was lawful. United States v.

Burhannon, 388 F.2d 961, 962 (7th Cir. 1968). At an evidentiary hearing on this motion I made findings of fact which are summarized below under the heading "facts."

## FACTS

Officer Thomas Burton was stationed with the Customs Bureau in Milwaukee, Wisconsin, in the spring of 1971. He received a call from an agent in Whitmore, New York, who stated that a parcel suspected of containing hashish and addressed to LaCrosse, Wisconsin, had been sent to the postal inspector at LaCrosse. On June 2, 1971, Burton drove to LaCrosse, met with the postal inspector and local law enforcement officials, and inspected the package. It was addressed to "Miss Tommy Ferri, 4481 Keil Coulee Road, LaCrosse, Wisconsin," and was wrapped in brown paper. Inside the parcel was a sweater inside of which was a substance which Burton's field test indicated to be hashish. Burton and other officers then went to a position in the vicinity of 4481 Keil Coulee Road from which they could observe the house at that address. They observed a postal employee drive to the house and blow his horn. A person whom I shall refer to as "X" emerged from the house and took a brown paper parcel from the postal employee. Officer Burton and his colleagues had reasonable cause to believe that the parcel contained hashish.

Several minutes later "X" left the house at 4481 Keil Coulee Road carrying a brown paper parcel, and entered a small green sports car. Officer Burton and his colleagues had reasonable cause to believe that this parcel contained hashish. Observing "X" leave the house, Burton notified other cooperating officers by radio that "X" was heading west on Keil Coulee Road in a small green sports car. Those officers stopped the car. They had reasonable cause to believe that the small green sports car was the same car which had just left 4481 Keil Coulee Road and that the driver of the car was the person to whom the package containing hashish had been delivered.

Immediately after the car had been stopped, Officers Lisota and Nowak observed on the seat of the car a brown paper package which they had reasonable cause to believe was the package containing hashish. These two officers were able to observe the package on the car seat while they were standing outside of the car. Promptly after the car stopped, Officer Nowak arrested "X," frisked him, finding nothing, handcuffed him, and read to him a *Miranda* warning. "X" was then placed in the rear seat of the sheriff's car. After the arrest of "X" but before he was taken to the sheriff's car, Officer Lisota removed the brown paper package from the car "X" had been driving. After that package was removed there was no longer any basis for a belief on the part of any law enforcement officer that the green sports car contained any drugs or other incriminating items.

After "X" was placed in the sheriff's car, Officer Scoufis arrived on the scene. After being informed of the events that preceded his arrival, Officer Scoufis decided that the green sports car should be seized under the authority of 19 U.S.C. § 1595a. "X" was removed from the sheriff's car, and Officer Scoufis informed him that the car was being seized under § 1595a. Officer Scoufis then asked "X" his name, received no response, asked "X" who the car belonged to and received no response; Scoufis asked "X" if his name was Ferri, and "X" answered "no;" Scoufis asked "X" the location of the registration to the green sports car, and "X" replied "In the glove compartment." Officer Scoufis then approached the sports car on the driver's side. The door was either closed or ajar. In his effort to secure the registration to the car Officer Scoufis reached for the glove compartment, placing most of his body in the car. During the course of this maneuver he looked about the car at places other than the glove compartment.

On a shelf beneath the glove compartment immediately forward of the passenger seat in the front of the car, Officer Scoufis observed a clear plastic bag containing green vegetable matter. The contents of the shelf were plainly visible to a person sitting inside the car but were not visible to a person standing outside of the car. Officer Scoufis concluded that the content of the clear plastic bag was probably marijuana; he was competent to form such an opinion from his experience as an investigating officer.

Finally, on the basis of the defendant's affidavit dated August 18, 1971, in which he avers that on June 2, 1971, he resided at 4481 Keil Coulee Road, LaCrosse, Wisconsin, that on that day he was arrested while driving a green sports car and that the car was searched by law enforcement officials, I find that "X" is Thomas Michael Ferri.

## OPINION

██ There is no doubt that the arrest of the defendant was legal. On the basis of the information received from Officer Burton by radio, the officers who stopped the defendant's car had reasonable grounds for doing so. Officer Nowak, the arresting officer, had probable cause to believe that the brown paper parcel in plain view on the car seat contained hashish, and therefore had probable cause to believe that the defendant was in illegal possession of hashish. Also, I have no difficulty concluding that the seizure of the brown paper parcel suspected of containing hashish was legal. The package was in plain view at the time of the arrest, and, for the reasons stated earlier, there was probable cause to believe that it contained hashish. The seizure of the package, which was within the defendant's reach at the time of the arrest, was incidental to the arrest and thus permissible under the Fourth Amendment. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969).

The more difficult question is the legality of the seizure of the alleged marijuana. The government does not attempt to justify this seizure as incidental to the arrest. Rather the government asserts that because the car had been used to transport drugs it was subject to seizure, that Officer Scoufis' entry of the car was reasonably related to the seizure of the car, and that therefore his discovery and seizure of the suspected marijuana were legal.

██ Officer Scoufis announced that the car was being seized pursuant to 19 U.S.C. § 1595a. That statute provides in part:

" . . . every . . . vehicle . . . used . . . to facilitate . . . the importation . . . or subsequent transportation of any article which . . . has been introduced . . . into the United States contrary to law . . . shall be seized and forfeited. . . . "

The government contends that the seizure of the car was also proper under 49 U.S.C. § 782. Section 781(a) provides that it is unlawful to transport "any contraband article" in any vehicle. The term "contraband article" includes marijuana and hashish.[1] Section 782 provides:

"Any . . . vehicle . . . which has been or is being used in violation of any provision of section 781 of this title . . . shall be seized and forfeited. . . . "

I conclude that Officer Scoufis had probable cause to believe that the green sports car had been used in violation of § 781 and that therefore seizure of the car was legal. (I do not believe that Scoufis' announcement that he was seizing the car pursuant to § 1595a should preclude subsequent justification of the seizure under a different statute.)

---

[1]. Section 781(b) defines "contraband article" to include any "narcotic drug" possessed illegally under federal law. Section 787(d) defines "narcotic drug" to include marijuana.

■ Pursuant to the seizure of the car Officer Scoufis sought to determine its ownership. His entry into the car was for the purpose of securing the registration card which the defendant had stated to be in the glove compartment. I have concluded that his effort to determine ownership of the car was a reasonable incident to the seizure of the car. I will elaborate on this conclusion after discussing a Supreme Court decision which shows its relevance.

In Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), the petitioner was arrested on suspicion of robbery, and his car was impounded and towed to the police station. When the car reached the station the windows were down and it had begun to rain. Police regulations required the officer who takes an impounded vehicle in charge to search it, remove all valuables, and attach to the vehicle a tag listing certain information about the circumstances of the impounding. Pursuant to this regulation and without a warrant the arresting officer entered the petitioner's car on the driver's side, searched it, and tagged it. Because of the rain he then proceeded to roll up the windows. Opening the front door on the passenger side in order to reach the window crank, the officer discovered a registration card lying face up on the metal stripping over which the door closes. The card belonged to the robbery victim and was used as evidence against the petitioner at his trial. Affirming the conviction the Supreme Court noted that:

> "the discovery of the card was not the result of a search of the car, but of a measure taken to protect the car while it was in police custody. Nothing in the Fourth Amendment requires the police to obtain a warrant in these narrow circumstances.
>
> "Once the door had lawfully been opened, the registration card . . . was plainly visible. It has long been

settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris, supra at 236, 88 S.Ct. at 993.

Harris permits a slight intrusion upon privacy—the opening of a car door to close the window—in order to permit the state to protect a car which it seizes. I have decided that determining the ownership of a car, like protecting it from the rain, is a normal incident of seizure. If it is determined that the car is stolen, police will wish to inform the owner and to afford him an opportunity to recover it;[2] if the car is borrowed police may wish to drop the forfeiture proceeding and return the car to its owner.

■ I have also concluded that, like protection of the car, determination of ownership involves only a slight incursion on privacy. Typically the person in possession of the car at the time of the seizure will be able to produce evidence of ownership of the car from his wallet, glove compartment, or home, or will be able to direct police to the person from whom the car is borrowed. A failure on the part of the person in possession to prove ownership cannot justify a general search of the car or his person for evidence of ownership. However, where, as here, the person in possession indicates the precise location of a document which proves ownership, the removal of the document from that spot is a narrowly directed effort which I have concluded is a reasonable incident to the seizure of the car.

The result of this conclusion is that Officer Scoufis was in a position where he had a right to be at the time the suspected marijuana came into his view. Under Harris, supra, his seizure of the suspected contraband was legal.

Accordingly, it is hereby ordered that defendant's suppression motion is denied.

2. 49 U.S.C. § 782 contains a proviso which prohibits the forfeiture of cars used in violation of § 781 in cases in which the owner proves that the illegal acts were performed by a person who did not have lawful possession of the vehicle.