Cynthia Ann KREMHELMER, Plaintiff,

v.

Thomas POWERS, Defendant.

No. 85–71191–DT.

United States District Court,
E.D. Michigan, S.D.

April 22, 1986.

the Court does not reach plaintiffs' equal protection argument.

Timothy P. Murphy, Detroit, Mich., for plaintiff.

J. Peter Lark, Lansing, Mich., for defendant.

### AMENDED OPINION AND ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT *

COHN, District Judge.

This is a police misconduct case. 42 U.S.C. § 1983. The complaint alleges a constitutionally impermissible search by defendant, a state police officer, of an automobile owned by plaintiff Kremhelmer. Before the Court are cross motions for summary judgment on liability. For the reasons that follow, plaintiff's motion is GRANTED and defendant's motion is DENIED.

I.

The undisputed facts are that defendant, on August 4, 1983, while patrolling on I-696 in Macomb County, observed an automobile with its hood raised parked on the

---

* As amended March 27, 1986.

shoulder. As part of his duties, defendant stopped to give assistance. He found two women, plaintiff and Sharon Gentry, lying down in the automobile, one in the front seat and one in the back seat. They told defendant that they needed a "jump" and some gasoline. Defendant, as is customary, requested driver's licenses. One woman said her license had expired, and the second said she did not have a license. Defendant then asked them their names and who owned the automobile. Plaintiff responded that she owned the automobile. Both women declined to identify themselves, saying they did not have to do so. Defendant, in the course of conversation, observed a purse lying on the floor in front of the passenger seat and asked whose purse it was. Plaintiff said it belonged to a hitchhiker they had picked up the night before. Defendant, suspicious of the circumstances of the moment, then opened the door on the driver's side and reached across to get the purse. The women began hitting defendant, telling him at the same time to get out of their automobile. Defendant pulled the women from the automobile and, after receiving assistance from another state police officer, arrested the two women and charged them with assault and battery. This charge was dismissed on the ground that defendant did not have probable cause to search the automobile and, therefore, resistance was justified.

## II.

### A.

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), or alternatively, summary judgment under Rule 56(c), on the grounds that plaintiff lacks standing to challenge the search. Defendant argues that on August 4, 1983 plaintiff did not have a sufficient ownership or possessory interest in the automobile to establish a "legitimate expectation of privacy" to challenge a search. Defendant relies on *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Defendant says that, until June 22, 1984, the license for the automobile was issued to plaintiff's mother. Defendant says that plaintiff may not vicariously assert the privacy interest of her mother in the search of the automobile. *Rakas*, 439 U.S. at 133–34, 99 S.Ct. at 424–25. Further, defendant argues that plaintiff could not legally have any possessory interest in the automobile, even though she had her mother's permission to drive it, because plaintiff did not have a valid driver's license on August 4, 1983. Defendant offers no support for this proposition.

Plaintiff says that she had a property and possessory interest in the automobile. Her uncontradicted affidavit, along with that of her mother, establishes that plaintiff provided the funds for the purchase of the automobile, exclusively used it on a daily basis, possessed the only ignition and trunk keys, and was in possession of the automobile at the time of the search. Defendant's exhibits show that plaintiff also paid the insurance on the vehicle. Plaintiff admits that the vehicle was registered in her mother's name so as to reduce the rate of her insurance premiums.

### B.

A motion to dismiss under Rule 12(b)(6) must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A Rule 12(b)(6) motion is directed to the face of the complaint, is not favored, and should be granted sparingly and with caution only where it appears to a certainty that no set of facts could be proven at trial entitling a plaintiff to relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201, 215–16 (6th Cir.1961).

Summary judgment may be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The evidence, together with all inferences to be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dis-*

*missed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). The movant's papers are to be closely scrutinized while those of the opponent are to be viewed indulgently. *Id: Invictus Records v. American Broadcasting Companies, Inc.,* 98 F.R.D. 419, 426 (E.D.Mich.1982). The function of summary judgment is to dispose of cases without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other factfinder. *Schultz v. Newsweek, Inc.,* 668 F.2d 911 (6th Cir. 1982).

### C.

■ The complaint alleges that plaintiff owned the automobile that was searched. Defendant identifies no deficiency in the complaint. The complaint clearly states a casue of action on its face, and thus defendant's motion to dismiss under Rule 12(b)(6) must be denied.

■ There is no genuine issue of material fact regarding ownership and possession of the automobile. It is a question of law, however, whether these facts give plaintiff a sufficient privacy interest in the automobile for her to challenge the search.[1] Plaintiff alleges, and clearly proves, a possessory interest in the automobile. This is sufficient to make *Rakas, supra,* inapplicable, since no possessory interest was alleged in that case. It is unnecessary to decide whether the facts deprive plaintiff of an ownership interest in the automobile, since her possessory interest is sufficient to give her a privacy interest that allows her to challenge the search. *United States v. Rose,* 731 F.2d 1337, 1343 (8th Cir.) (holding that a passenger having permissive use of a motor vehicle, who drives the vehicle twice a week, and who has keys to its ignition and trunk, has a legitimate expectation of privacy in that vehicle to chal-

lenge a search), *cert. denied,* —— U.S. ——, 105 S.Ct. 326, 83 L.Ed.2d 263 (1984); *United States v. Portillo,* 633 F.2d 1313, 1317 (9th Cir.1980) (holding that a person who has permission to use the automobile of another and has keys to the ignition and trunk has a legitimate expectation of privacy in that vehicle to challenge a search), *cert. denied sub. nom Montellano v. United States,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981); *United States v. Ochs,* 595 F.2d 1247, 1253 (2d Cir.) (holding that the driver of a vehicle, having permissive use of such vehicle and possession of keys to the ignition and trunk, has a legitimate expectation of privacy in that vehicle), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979). *Cf. Rawlings v. Kentucky,* 448 U.S. 98, 105, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980) (holding that "arcane" concepts of property law do not control the ability to claim the protections of the fourth amendment). While there are no Sixth Circuit cases on point, the application of *Rakas* to the facts in those cases is logical and is persuasive here, too.

■ Defendant's unsupported claim that plaintiff's lack of a valid driver's license on August 4, 1983 should deprive her of her legitimate expectation of privacy arising out of her possession is without merit. There is no good reason why her suspended license should diminish her expectation of privacy in her own automobile, disabled and parked on the shoulder of an interstate highway, at least when defendant has not seen plaintiff driving the automobile and plaintiff does not claim to have driven it to its current location.[2]

### III.

Plaintiff moves for partial summary judgment under Rule 56 determining that she had a legitimate expectation of privacy

---

**1.** Even a brief intrusion into the interior of an automobile constitutes a search. *See New York v. Class,* —— U.S. ——, ——, 106 S.Ct. 960, 966, 89 L.Ed.2d 81, 91 (1986).

**2.** Recently the United States Supreme Court heard argument on the issue of whether the lack

of a valid driver's license diminishes any expectation of privacy in an automobile. The Court declined to answer the question. *New York v. Class, supra* note 1, —— U.S. at —— n. * 106 S.Ct. at 969 n. * 89 L.Ed.2d at 94 n.*.

in the automobile, and that defendant's actions in entering and attempting to search the automobile violated the fourth amendment.

### A.

■ Plaintiff clearly had a legitimate expectation of privacy in the automobile and has standing to challenge a search of the automobile. Plaintiff is entitled to partial summary judgment on this issue.

### B.

■ Defendant affirmatively pleads "qualified, good faith immunity" in his search of plaintiff's automobile. *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *see also Donta v. Hooper,* 774 F.2d 716 (6th Cir. 1985). Police officers are entitled to qualified or "good faith immunity" from suits for damages arising out of their official acts. *Pierson v. Ray,* 386 U.S. 547, 557, 87 S.Ct. 1213, 1219, 18 L.Ed.2d 288 (1967). The Supreme Court held in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), that the good faith of the government official who is performing discretionary functions is to be tested by a purely "objective" standard. *Cf. United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (requiring officers to act with objective reasonableness). The *Harlow* Court held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 818. This is purely a legal issue to be determined by the trial judge prior to trial. *Donta, supra,* 774 F.2d at 719, citing *Windsor v. The Tennessean,* 719 F.2d 155, 165 (6th Cir.1983), *cert. denied,* — U.S. ——, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

■ Thus, the threshold question on summary judgment centers not only upon what the currently applicable law is, but also upon "whether that law was clearly established at the time an action occurred."

*Id.; see also Mitchell v. Forsyth,* — U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 *reh'g denied,* — U.S. ——, 105 S.Ct. 26, 82 L.Ed.2d 919 (1984). "If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful.... If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Harlow,* at *id.*

Applying *Harlow,* the threshold question to be answered in this case is whether the alleged conduct of defendant was so illegal as to violate clearly established law. *Harlow* suggests a two step analysis: first, what, if any, was the clearly established law at that time, and second, did defendant violate that law while performing a discretionary function within the scope of his employment as a government official?

### C.

There was "clearly established law" at the time of the search of plaintiff's automobile on August 4, 1983.

■ The fourth amendment provides that a finding of probable cause is a necessary prerequisite to any search. Despite the "diminished expectation of privacy" in an automobile, *Robbins v. California,* 453 U.S. 420, 424, 101 S.Ct. 2841, 2845, 69 L.Ed.2d 744 (1981) (plurality); *Cardwell v. Lewis,* 417 U.S. 583, 590, 94 S.Ct. 2464, 2469, 41 L Ed.2d 325 (1974), the Supreme Court has consistently upheld the probable cause requirement for police searches of automobiles. *See, e.g., United States v. Ross,* 456 U.S. 798, 809, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982); *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970); *Arkansas v. Sanders,* 442 U.S. 753, 760, 99 S.Ct. 2586, 2591, 61 L.Ed.2d 235 (1979); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280,

69 L.Ed. 543 (1925). "[Probable cause] mean[s] more than bare suspicion: Probable cause exists where 'the facts and circumstances within their [the officer's] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). "[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' ... that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.... While an effort to fix some general, numerically precise degree of certainty corresponding to 'probable cause' may not be helpful, it is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), *reh'g denied*, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983).

■ An exception exists to the probable cause requirement where a police officer has a reasonable suspicion that the suspects are potentially dangerous. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Supreme Court said:

Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect. These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons.... Therefore, the balancing required by *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] clearly weighs in favor of allowing the police to conduct an area search of the passenger compartment to uncover weapons, as long as they possess an articulable and objectively reasonable belief that the suspect is potentially dangerous.

*Id.* at 3480–81; *see also United States v. Cupp*, 503 F.2d 277, 281 (6th Cir.1974) (holding that officer may conduct weapons search limited in scope to this protective purpose if he has reason to believe that the suspect is armed and dangerous).

### D.

Defendant did not have probable cause to search the automobile. The facts defendant cites that he says gave rise to probable cause are not persuasive. Plaintiff claimed that the automobile was hers, but she claimed not to have a valid driver's license. Plaintiff and her companion admitted that the purse was not theirs, claiming it belonged to a hitchhiker who was no longer in the automobile.

■ These factors, combined with defendant's unsupportable suspicions about the purse, do not give rise to probable cause. They legitimately gave rise to no more than "bare suspicion." *Brinegar, supra*. Defendant did not see plaintiff driving the automobile, nor did plaintiff claim to have driven it. Thus, there was no need

for her to carry a driver's license. There was also no need for either of the two women to identify themselves. *People v. Burrell*, 417 Mich. 439, 339 N.W.2d 403 (1983).

Defendant claims he became "curious" when he saw a purse in the automobile. (State Trial Tr. at 10) He became "suspicious" because of "the condition of the car and the appearance of the two women, the fact that they were being very elusive as to their identity, and the fact that they told me that this woman's purse was left there by a hitch-hiker." (Tr. at 11) Defendant never asked for the purse, but instead grabbed for it. (Tr. at 11–12) Defendant does not indicate that he ever asked the women to leave the automobile until after he grabbed for the purse and they assaulted him.

Defendant had no reason to suspect the contents of the purse. He said during his deposition:

A: "Well, everything focused on the purse. Is it theirs? If it is, maybe there is something in there they don't want me to see. Maybe their identification is in there, maybe they have got a gun in there, maybe there is dope in there, maybe there is somebody's finger in there. I don't know."

Q: "It could be anything?"

A: "Anything."

(Defendant's Dep.Tr. at 36–37.)

No informant told defendant to look for plaintiff, her companion, or the automobile they were in. There is nothing suspicious about a purse being in an automobile with two women, and defendant had no knowledge that the purse was stolen. The purse gave no indication of its contents, and therefore gave defendant no articulable reason to believe that it might contain a weapon, contraband, or evidence of a crime. The women were not visibly intoxicated, and there was no evidence of weapons, alcohol or drug use, or any illicit object in the passenger compartment. *Cf. Donta, supra,* 774 F.2d at 720 (holding that nothing about a gun collection "in plain view"

raised a probability the guns were stolen until after the guns had been seized).

 Nor did the facts objectively support a reasonable suspicion that plaintiff and her companion were potentially dangerous. Except for defendant's guess that a gun might have been in the purse, defendant does not defend the search on the grounds that the women were potentially dangerous. He does not articulate any facts that would objectively lead one to believe they were dangerous, nor could he. The two women were not physically menacing, and they did not reach for the purse. There was no evidence in the passenger compartment of the commission of a crime. The automobile had not been stopped for any traffic violations or other reasons, but in fact was immobilized and the passengers were in distress.. Defendant approached the automobile in broad daylight on a major urban highway with plenty of traffic. The totality of these facts does not objectively suggest that plaintiff or her companion were potentially dangerous to defendant.

Finally, defendant does not allege any other exceptions to the probable cause requirement, such as consent. Thus, the conclusion is inescapable that defendant violated plaintiff's fourth amendment rights.

### E.

 To recover under 42 U.S.C. § 1983, plaintiff must demonstrate that the undisputed facts prove that the search deprived her of a constitutionally protected right, that defendant is legally responsible for that deprivation, and that such deprivation was the proximate cause of that injury. The above discussion concludes that plaintiff has proven the first two elements sufficiently to obtain summary judgment on those issues. The remaining issues are whether the search was the proximate cause of damage or injury to plaintiff, and the monetary value, if any, of her damages.

 Plaintiff does not address these issues in her motion for summary judgment, although her complaint seeks recovery for

unspecified physical damage (which a reading of the record suggests to be facial damage), medical costs, false imprisonment, pain, mental anguish, and the panoply of associated harms. Other than the symbolic harm deriving directly from violation of plaintiff's fourth amendment rights, *see Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), which, if any, of these harms were proximately caused by the illegal search is a matter of proof.

Of course, damages are also for a jury to determine, especially since the harm here may be *de minimis*. Plaintiff's claim is based wholly on defendant's intrusion into the passenger compartment of her automobile for purposes of seizing the purse. (Plaintiff does not challenge the seizure of the purse itself because she did not have a sufficient possessory interest in it—the purse was stolen. Thus, although there may not have been sufficient legal grounds for seizing the purse, that issue is not before the Court.) The purse was in "plain view" to defendant, and he had a legitimate right, in fact a duty, to be where he was when he saw the purse. *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). Further, defendant seized only the purse, and he did not examine any other part of the passenger compartment. The mere seizure of an item—which plaintiff has no grounds to challenge—in plain view with no other examination of the interior of the automobile may be such a minimal intrusion into plaintiff's legitimate expectation of privacy that it should not be compensable. *See* W. LaFave & J. Israel, *Criminal Procedure* § 3.2(f), at 175 (1984) (some physical intrusions into the interior of a vehicle may be "but a minimal invasion of a person's privacy") (quoting *United States v. Powers*, 439 F.2d 373, 375 (4th Cir.) (warrantless search for vehicle identification number incident to arrest), *cert. denied*, 402 U.S. 1011, 91 S.Ct. 2198, 29 L.Ed.2d 434 (1971)); *see also United States v. Ferri*, 357 F.Supp. 487, 490 (W.D.Wis. 1973) (officer's opening of glove box, when driver said registration was in glove box, was only a "slight incursion on privacy" when vehicle was lawfully seized).

IV.

The case will proceed to trial on the issue of damages only. The Deputy Clerk is directed to schedule a status conference.

SO ORDERED.