Julian R. GABBARD, Plaintiff-Appellant,

v.

Edgar ROSE, Individually and as County Judge, Clark County, Kentucky, Rodney Thompson, Individually and as County Attorney, Clark County, Kentucky, Gene Morgan, Individually and as a Kentucky State Police Officer, Defendants-Appellees.

No. 16368.

United States Court of Appeals
Sixth Circuit.
April 20, 1966.

---

Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., J. Smith Hays, Jr., William Hays, Winchester, Ky., on brief, for appellees.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Julian R. Gabbard, Plaintiff-Appellant, instituted this action in the United States District Court for the Eastern Division of Kentucky, alleging that he had been deprived of his constitutional rights secured by the Fourteenth Amendment to the United States Constitution, and sought relief under the Civil Rights Act of 1871, 42 U.S.C., Section 1983. Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit and equity, or other proper proceeding for redress."

The Defendants-Appellees are Edgar Rose, the County Judge of Clark County, Kentucky, Rodney Thompson, County Attorney, Clark County, Kentucky, and Gene Morgan, Kentucky State Police Officer.

The District Court granted summary judgment to Defendants-Appellees Rose and Thompson on the principle of judicial immunity [1] and directed a verdict in favor of Defendant-Appellee Morgan at the conclusion of Plaintiff's evidence. The matter is before this Court on appeal.

The essential facts are: Plaintiff-Appellant, Julian R. Gabbard, an attorney-at-law, practicing in the State of Kentucky, on the 9th day of January, 1963,

James L. Cobb, Jr., Covington, Ky., for appellant.

James M. Graves, Louisville, Ky., L. T. Grant, Lexington, Ky., William P. Swain,

[1]. An appeal on the granting of summary judgment was dismissed by this Court for the reason that said summary judgment was not a final order and hence said appeal was premature.

was arrested by Defendant-Appellee, Gene Morgan, a Kentucky State Policeman, on a charge of speeding on an interstate highway in Clark County, Kentucky. Plaintiff-Appellant was ordered by Appellee Morgan to follow him to Winchester, Clark County, Kentucky, for the purpose of posting bond.

Appellee, Edgar Rose, is the County Judge who had jurisdiction of speeding offenses. Appellee Rose had issued instructions that all out of county speed violators would be required to post a cash bond of $27.50. When Appellant Gabbard was taken to the jail he telephoned Appellee, Rodney Thompson, the County Attorney, a law school classmate of the Appellant, and Appellee Thompson instructed the officer to release the Appellant without bond. Whereupon, Appellee Morgan issued a citation charging Appellant with violation of Kentucky Revised Statute, Section 189.390.

On January 15, 1963, the Appellant instituted suit in the Carter Circuit Court and the Circuit Court Judge issued a temporary writ of prohibition, prohibiting the Appellee, Judge Edgar Rose, from trying the Appellant on the charge growing out of the citation issued by Appellee Morgan. Thereafter, the Circuit Court Judge who had issued the writ of prohibition advised the parties involved by letter that he was dissolving it, but no order to that effect had been entered at the time of the trial of this cause.

On February 15, 1963, the Appellant was tried in the courtroom of Appellee Rose, by a jury duly impaneled, and the jury found Appellant not guilty. On May 23, 1963, Appellant filed his complaint in the United States District Court, Eastern District of Kentucky, at Lexington, Kentucky, seeking relief under the Civil Rights Act of 1871 (17 Stat. 13, 42 U.S.C., Section 1983).

Appellant contends that the County Judge, Appellee Rose, had no jurisdiction to try him, and therefore the rule of judicial immunity is not applicable. Appellant maintains that Kentucky Revised

Statute, Section 189.390 did not apply to limited access highways. Kentucky Revised Statute, Section 189.395, which applied to limited access highways, did not provide for a penalty. Appellant argues that since he did not violate Section 189.390, and since Section 189.395 did not provide a penalty, he did not commit a crime. Appellant further maintains that the Judge was without jurisdiction to try him because the writ of prohibition in the State Circuit Court remained technically in effect at the time of the trial. We cannot agree with Appellant that the rule of judicial immunity is not applicable.

■ Appellant was charged with violating Kentucky Revised Statute, Section 189.390 which sets the speed limit as sixty miles per hour during daylight hours. The penalty for violation of Section 189.390 is prescribed in Kentucky Revised Statute, Section 189.990 as a fine of not less than $10.00 or more than $100.00. Kentucky Revised Statute, Section 25.010 grants concurrent jurisdiction to County Courts and Circuit Courts in all cases where the fine is limited to not more than $500.00, or imprisonment for not more than twelve months, or both. In our opinion, since Appellant was cited under Section 189.390, the County Court had jurisdiction of the complaint filed in his court. The question of whether the Appellant was charged under the proper section therefore became an issue to be determined by the Judge of the County Court.

We do not pass judgment upon the County Court's action in trying Appellant after being informed that Section 189.390 was not the applicable section. Our consideration is limited to the correctness of the District Court in granting summary judgment for Appellees Rose and Thompson and directing a verdict for Appellee Morgan.

■ This Court, in Cuiksa v. City of Mansfield, 250 F.2d 700 (C.A.6, 1957), in an able opinion by Judge Shackelford Miller, quoted the Supreme Court in

Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871):

"But if on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offenses committed within a certain district should hold a particular act to be a public offense, which is not by the law made an offense, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration whenever his general jurisdiction over the subject matter is invoked. Indeed some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner in which the jurisdiction shall be exercised."

The prosecuting attorney enjoys the same immunity as that which protects the judge. Kenney v. Fox, 232 F.2d 288 (C.A.6, 1956).

As to Appellee Morgan, we adhere to the holding of the Ninth Circuit Court in Agnew v. City of Compton, 239 F.2d 226 (1956):

"Wrongful arrest based on arresting officers' misunderstanding of ordinance does not amount to deprivation of basic civil rights and does not authorize recovery against such officers under federal Civil Rights Act. 42 U.S.C.A. §§ 1981–1983.

"No one has a constitutional right to be free from a law officer's honest misunderstanding of law or facts in making arrest. U.S.C.A., Const. Amends. 4, 5, 14."

The judgment of the District Court is affirmed.