**Ricky L. COYLE, Plaintiff,**

v.

**Mike HUGHS and Sam Fread, Defendants.**

**No. CIV–77–0609–D.**

United States District Court, W. D. Oklahoma.

June 28, 1977.

Ricky L. Coyle, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Because it was accompanied by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) the plaintiff has been permitted to file in forma pauperis his Complaint, but because it is frivolous and without color of merit the Complaint will be dismissed. See *Redford v. Smith,* 543 F.2d 726 (C.A.10 1976) and *Oughton v. United States,* 310 F.2d 803 (C.A.10 1962), cert. denied, 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693.

This is an action by a prisoner in the Lexington Regional Treatment Center, Lexington, Oklahoma, purportedly brought pursuant to 42 U.S.C. § 1983 in which he claims that the defendants acting under color of state law have deprived him of his constitutional rights in that he has been "subjected to cruel and unusual punishment by means of harassment."

The defendant, Mike Hughs, is a prison guard who allegedly has been harassing plaintiff "by giving me very dirty looks and verbal abuse, for the last three months, for no other good reason. He has since then given me a 'write-up' charging misconduct, for no other reason than harassment." He also alleges that in connection with the write-up this defendant "shook his hand in my face".

The defendant, Sam Fread, is a chief steward at the mess hall. He allegedly told the plaintiff when he went to work in the bakery that he didn't like him and when the plaintiff learned that he was going to be fired from the bakery he went to work in the laundry. Later the laundry supervisory had a heart attack and this defendant had to assume responsibility for the laundry also. He continues that "Mr. Fread then began talking bad to me and then finally

'wrote-me-up' for giving away a bag of rags, which was my understanding of the proper thing to do with rags. However, when I tried to explain this to Mr. Fread he said, 'shut up Coyle, if I wanted to hear anyone talk I'd buy a parrot'." He concludes that he was taken to disciplinary court where he was found not guilty but that the defendant would not let him have his job back "only because he does not like me".

Assuming that the conduct of defendant Hughs in shaking his hand in plaintiff's face constituted an assault it does not amount to a constitutional violation. In *Bolden v. Mandel,* 385 F.Supp. 761 (D.Md. 1974) the court pointed out that 42 U.S.C. § 1983 does not provide a remedy for common-law torts and held that a simple assault which does not result in physical touching and which produces no physical injury is not actionable under § 1983.

Admittedly, the main complaint of the plaintiff is that he has been subjected to various forms of verbal abuse by each of the defendants. The use of words, however violent, cannot constitute an assault actionable under § 1983. *Johnson v. Glick,* 481 F.2d 1028 (C.A.2 1973); *Jones v. Superintendent,* 370 F.Supp. 488 (W.D.Va.1974). Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. *Fisher v. Woodson,* 373 F.Supp. 970 (E.D.Va.1973). Allegations of verbal harassment and profanity without more simply do not show the invasion of any federally protected right. *Collins v. Haga,* 373 F.Supp. 923 (W.D.Va. 1974). Petitioner had no constitutional right to his job in the laundry. Job assignments are matters peculiarly within the discretion of prison officials. *Medlock v. Burke,* 285 F.Supp. 67 (D.C.Wis.1968).

A 1983 Complaint must show a deprivation of a right or immunity protected by the federal Constitution. *Smart v. Villar,* 547 F.2d 112 (C.A.10 1976). A claim can be dismissed only when it appears beyond doubt that plaintiff cannot prove any set of facts in support of his claim which entitle him to relief. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Applying these rules the complaint is insufficient to state a claim for relief under the Civil Rights Act.

ACCORDINGLY, IT IS ORDERED that the Complaint be dismissed and the plaintiff will not be permitted to proceed further in forma pauperis.