Willie Earl WILLIAMS, Plaintiff,

v.

John PECCHIO, Shop Instructor Elmira Prison, John B. Wilmot, Superintendent Elmira Prison, Defendants.

No. CIV–81–1118T.

United States District Court,
W. D. New York.

July 15, 1982.

---

MEMORANDUM DECISION and ORDER

TELESCA, District Judge.

The plaintiff has submitted to the Court a complaint along with an affidavit of poverty and seeks permission to proceed as a poor person, pursuant to 42 U.S.C. § 1983. Plaintiff's affidavit in support of his request to proceed *in forma pauperis* satisfies the requirements of 28 U.S.C. § 1915(a), and he is therefore granted permission to proceed as a poor person. Plaintiff's complaint is, however, frivolous and without merit and is ordered dismissed. See *Redford v. Smith*, 543 F.2d 726, 728 (10th Cir. 1976); *Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962), cert. denied 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963).

The plaintiff, a prisoner in the Elmira Correctional Facility, has brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the defendants, (employees of the New York State Department of Corrections) have violated his constitutional rights by harassing him and verbally taunting him by calling him a "nigger". He also alleges that the defendants have harassed him by writing and threatening to write false reports concerning the plaintiff's conduct.

It is clear that a § 1983 complaint must allege a constitutional violation in order to withstand a motion to dismiss. *Duchesne v. Sugarman*, 566 F.2d 817, 827 (2nd Cir. 1977); *Mukmuk v. Commissioner Department of Correctional Services*, 529 F.2d 272 (2nd Cir. 1976), cert. denied 426 U.S. 911, 96 S.Ct. 2238, 48 L.Ed.2d 838 (1977). Moreover, 42 U.S.C. § 1983 does not provide a remedy for every common law tort and a suit based on that statute cannot be sustained merely on the basis of verbal abuse. *Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973), cert. denied 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). As noted by the court in *Coyle v. Hughs*, 436 F.Supp. 591 (W.D.Okl.1977), "[m]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional

Willie Earl Williams, pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for defendants.

violations". *Id.* at 593. The allegations of the plaintiff here, fall squarely within that rule and even granting them the generosity required in *pro se* civil rights actions, they do not amount to a claim of constitutional magnitude, (*Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Accordingly, the complaint is dismissed and the plaintiff is not permitted to proceed further.

ALL OF THE ABOVE IS SO ORDERED.