805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence HILL, Plaintiff-Appellant,
v.
Jerald FLAUGHER, Defendant-Appellee.
 No. 86-3320.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1986.
 
 Before ENGEL, JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This pro se appeal was filed by Lawrence Hill from the March 5, 1986 Order of the district court adopting the Report and Recommendation of the Magistrate and dismissing Hill's complaint. This matter is before the Court upon consideration of Hill's Motion for Appointment of Counsel. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion, the record, and Hill's briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Hill, a state prisoner, filed this Sec. 1983 action (on August 11, 1982) against Jerald Flaugher, a social worker at Southern Ohio Correctional Facility; T.L. Morris, Deputy Superintendent of Treatment; and George Denton, Director, Ohio Department of Correction and Rehabilitation, alleging that he was physically threatened by defendant Flaugher in retaliation for Hill's having filed and won a lawsuit against Flaugher's friends. Before any responsive pleadings were filed, the district court sua sponte dismissed the complaint for failure to state a constitutional claim. This Court reversed and remanded the case on May 4, 1984, in light of its decision in Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983). On remand, Hill voluntarily dismissed defendants Morris and Denton and his complaint was served upon defendant Flaugher. This case was referred to a Magistrate who issued his Report and Recommendation on February 14, 1986. Notice was given to the parties that they had 10 days in which to file objections; however, none were filed. On March 5, 1986, the district court adopted the Magistrate's Report and dismissed the complaint as frivolous under Sec. 1915(d). On March 18, 1986, the district court granted Hill leave to file his objections out of time, and overruled those objections. Hill filed his Notice of Appeal on April 10, 1986.
 
 
 3
 In dismissing the complaint, the district court found that Hill had failed to state a case for violation of his constitutional rights and that he had not suffered any measurable damages. It is well settled that a pro se complaint must be liberally construed and "must be held to 'less stringent standards than formal pleadings drafted by lawyers.' " Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A pro se complaint may be dismissed as frivolous "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). It is clear from the complaint that Hill can prove no set of facts which would entitle him to relief in this case. He alleges that he was verbally abused and threatened by defendant Flaugher, but there was no allegation of physical contact or physical harm of any kind. "[M]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.' " McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. denied 464 U.S. 998 (1983), quoting Coyle v. Hughes, 436 F.Supp. 591, 593 (W.D.Okla.1977). See also Martin v. Sargent, 780 F.2d 1334 (8th Cir.1985).
 
 
 4
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).