**Milford W. PARKER, Plaintiff,**

v.

**Officer Rob STRONG, a Police Officer of the City of Midwest City, Oklahoma, in his individual capacity, Defendant.**

**No. CIV–88–348–A.**

United States District Court,
W.D. Oklahoma.

June 27, 1989.

On Motion to Reconsider Aug. 9, 1989.

Gary L. Richardson, Michael L. Seymour, Tulsa Okl., for plaintiff.

Chris J. Collins, Looney Nichols Johnson & Hayes, Oklahoma City, Okl., for defendant.

## ORDER

ALLEY, District Judge.

Before the Court in this case is defendant Strong's motion for summary judgment, to which plaintiff Parker has responded.

This is a 42 U.S.C. § 1983 action in which plaintiff alleges that he was unlawfully arrested, searched, imprisoned, and subjected to cruel and unusual punishment by defendant in violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution.

Plaintiff alleges that his arrest by Officer Strong on March 6, 1986 was unlawful in that it was not based on probable cause. It is well established that a police officer is privileged to arrest a person without a warrant for a misdemeanor committed in the officer's presence. *Price v. Tehan,* 84 Conn. 164, 79 A. 68 (1911). An arresting officer has probable cause to arrest a suspect if the facts within his knowledge are sufficient to warrant a prudent person to believe that the suspect has committed an offense. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964).

Following his arrest, plaintiff was charged with three separate offenses under state law: speeding, driving while intoxicated, and driving without a valid driver's license. By his affidavit, plaintiff denies that he was speeding or driving while intoxicated. However, plaintiff does not dispute or rebut defendant's evidence that he was driving without a valid license when stopped by Officer Strong on March 6, 1986. This offense alone supplied probable cause for plaintiff's arrest. Thus, even assuming the truth of plaintiff's assertions that he was neither speeding nor intoxicated, there is still no genuine issue of fact as to whether probable cause existed for his arrest. This case is similar to that of *Hernandez v. Grimes*, CIV–88–1283 (W.D. Okla.1988), in which this Court granted summary judgment to defendant on plaintiff's claim for unlawful arrest without probable cause.

Plaintiff argues correctly that his forfeiture of bail on the charges of speeding and driving without a valid license is inadmissible as evidence of probable cause of his arrest. 22 O.S. 1114.4. However, this evidence need not be resorted to. Defendant's testimony by affidavit that plaintiff was stopped while driving without a valid driver's license is completely uncontroverted by plaintiff.

Plaintiff also complains that his person was unlawfully searched in violation of the Fourth Amendment. It is well established that a search may be conducted without a warrant where it is incident to a lawful arrest. *U.S. v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). Because plaintiff's arrest was lawful, the search of his person incident to that arrest was also lawful.

Para. 13 of plaintiff's Complaint additionally alleges that defendant falsely stated in an affidavit that plaintiff had refused to submit to a breath test, and that such false affidavit resulted in the suspension of plaintiff's driver's license. Although plaintiff does not specifically state which federal constitutional right was violated by this conduct of defendant, the Court assumes plaintiff is alleging that he was deprived of a property interest in his driver's license without due process, in violation of the Fourteenth Amendment. If this is plaintiff's argument, it must fail. Even an unauthorized and intentional deprivation of property by a state employee does not constitute a violation of procedural due process if a post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). Clearly, plaintiff had a procedural due process right to notice and a hearing before his driver's license was suspended. *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). It is undisputed, however, that plaintiff was afforded full due process rights in connection with his license revocation. In fact, plaintiff actually utilized the state administrative procedure to contest his license revocation, and was represented by counsel in so doing. In addition, plaintiff obtained judicial review of the administrative action. Deposition of Plaintiff, Exhibit G to defendant's motion. Plaintiff had a full opportunity in these state proceedings to challenge the revocation of his license as unlawfully procured by defendant. Plaintiff's adequate post-deprivation remedy precludes this Court from hearing his due process claim for deprivation of property.

For the above stated reasons, the Court finds that there is no genuine issue of material fact for trial in this case, and that defendant is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). Defendant's motion for summary judgment is therefore GRANTED.

It is so ordered.

### ON MOTION TO RECONSIDER

Before the Court in this case is plaintiff's motion to reconsider the Court's June 27, 1989 order granting defendant's motion for summary judgment.

Plaintiff argues that his driving without a valid license cannot supply probable cause for his arrest by defendant because defendant did not discover that he was

driving without a valid license until after he was stopped. Plaintiff relies on authority holding that probable cause for an arrest must exist prior to the arrest, and therefore an arrest cannot be justified by facts discovered subsequent thereto. *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *U.S. v. Hansen,* 652 F.2d 1374 (10th Cir.1981); *Henry v. U.S.,* 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). Plaintiff correctly states the law in this respect. However, the fallacy of plaintiff's argument is that defendant's stopping of plaintiff's automobile did not itself constitute an arrest for which probable cause would be required by the Fourth Amendment.

■ An ordinary traffic stop, to which plaintiff was initially subjected by defendant, is not a custodial arrest. It is rather a limited seizure within the meaning of the Fourth Amendment, which is constitutionally justified on grounds less than probable cause to believe that the person seized had committed a crime. *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 3148, 82 L.Ed.2d 317 (1984); *U.S. v. Neu,* 879 F.2d 805, 808 (10th Cir.1989). A traffic stop has been characterized as a "Terry stop" rather than a formal arrest. *Berkemer, supra.* 104 S.Ct. at 3150; *U.S. v. Ward,* 488 F.2d 162 (9th Cir.1973); *Terry v. Ohio,* 392 U.S. 1, 26–27, 88 S.Ct. 1868, 1882–1883, 20 L.Ed.2d 889, 909 (1968). It is thus subject to the less rigorous requirements of *Terry v. Ohio,* rather than the more stringent constitutional strictures of a custodial arrest. *Neu, supra,* at 808. A mere traffic stop does not render the driver "in custody," and does not subject him to the restraints associated with a formal arrest. *Berkemer, supra,* 104 S.Ct. at 3141 and 3150. Unless the stopped driver's answers to questions provide the officer with probable cause to *arrest* him, he must then be released. *Id.* at 3150 (emphasis added).

■ The Fourth Amendment standard justifying the limited seizure of a traffic stop is reasonable suspicion of illegal activity. *U.S. v. Morrison,* 546 F.2d 319 (9th Cir.1976); *U.S. v. Ward, supra.* This level of suspicion falls short of the probable cause standard for an arrest. *Neu, supra,* at 807.

■ The law is also clear that, after a driver has been stopped by police, the discovery that he was driving without a valid license provides probable cause for his arrest. *Neu, supra.* at 807; *U.S. v. Trigg,* 878 F.2d 1037 (7th Cir.1989); *People v. Ellis,* 62 N.Y.2d 393, 477 N.Y.S.2d 106, 465 N.E.2d 826 (1984).

■ Thus, defendant's seizure of plaintiff, which subsequently resulted in plaintiff's lawful arrest for driving without a valid license, speeding, and D.W.I., was constitutionally valid provided that defendant entertained a reasonable suspicion that plaintiff was speeding, even without probable cause to so believe. In a civil rights action under 42 U.S.C. § 1983, the plaintiff bears the burden of proof that defendant violated his constitutional rights. *Clark v. Mann,* 562 F.2d 1104 (8th Cir. 1977); *Kremhelmer v. Powers,* 633 F.Supp. 1145 (E.D.Mich.1986). The defendant is not charged with the burden of disproving plaintiff's allegations.

Defendant's testimony is that he stopped plaintiff because he personally observed him speeding, which observation was confirmed by defendant's radar. Plaintiff has attempted to create a factual issue by submitting an affidavit denying that he was speeding when stopped by defendant. However, the Court takes notice that, despite his firm belief that he was not speeding, plaintiff did not contest the speeding charge in municipal court. In view of this fact, together with plaintiff's total failure to come forward with any alternative reason for defendant's stopping him, plaintiff's unsupported and self serving affidavit denying that he was driving over the speed limit is insufficient to withstand defendant's motion for summary judgment. Fed.R.Civ.P. 56(c) mandates the entry of summary judgment against a party who fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ In addition, there is a further basis for granting defendant summary judgment

under the facts of this case. Even if Officer Strong was mistaken in his belief that plaintiff was speeding before he stopped him, plaintiff would not be entitled to relief under 42 U.S.C. § 1983. In *Gabbard v. Rose,* 359 F.2d 182 (6th Cir.1966), a motorist sued a police officer under 42 U.S.C. § 1983 for wrongfully stopping and arresting him for speeding. It was undisputed that the motorist was indeed charged under an inapplicable statute, and his arrest was therefore clearly wrongful. However, in affirming judgment in favor of the police officer, the court stated: "no one has a constitutional right to be free from a law officer's honest misunderstanding of law or facts in making an arrest." *Gabbard, supra.* at 185, quoting *Agnew v. City of Compton,* 239 F.2d 226 (9th Cir.1956). In *Gabbard,* the police officer's mistake was of *law,* whereas in the present case, Officer Strong's mistake, if any, was of *fact.* However, the principle of *Gabbard* applies to both types of mistake which form the basis of a wrongful arrest. In *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) the plaintiff was wrongfully arrested and incarcerated for several days due to mistaken identification. Plaintiff brought a § 1983 action against the sheriff for violation of his Fourteenth Amendment rights. In holding that plaintiff has no claim cognizable under § 1983, the court stated:

> "The constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released."

*Id.* 443 U.S. at 145, 99 S.Ct. at 2695, 61 L.Ed.2d at 442. "Lack of due care by a government officer simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). The Fourteenth Amendment Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986). "The Fourteenth Amendment is not a font of tort law to be superimposed upon whatever systems may already be administered by states." *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). By the foregoing authority, a mere unjustified traffic stop is too minor of an imposition on a driver to arise to a constitutional violation for purposes of imposing liability under 42 U.S.C. § 1983.

With respect to plaintiff's claim for deprivation of property without due process, it is well established that a property deprivation is not actionable under 42 U.S.C. § 1983 where there are adequate state post-deprivation remedies available to redress any injury. *Vasquez v. City of Hamtramck,* 757 F.2d 771 (6th Cir.1985). Plaintiff had an adequate remedy for deprivation of his property interest in his driver's license by contesting the criminal charges that resulted in the suspension of his license. The federal district court is not the proper forum in which to try traffic tickets. Plaintiff's adequate post-deprivation remedy precludes this Court from hearing his due process claim for deprivation of property.

After due consideration, the Court is persuaded that its June 17, 1989 order granting defendant's motion for summary judgment was correctly decided. The Court hereby stands on that decision.

It is so ordered.