Jeffrey M. SCHILLING, et al., Plaintiffs,

v.

Officer SWICK, et al., Defendants.

No. 1:93–CV–953.

United States District Court,
W.D. Michigan,
Southern Division.

Oct. 7, 1994.

Jeffrey M. Schilling, pro se.

Dana Gabro–Schilling, pro se.

Kyle E. Schilling, pro se.

William J. Garlington, Amy L. Sparkman, Garlington & Associates, Wyoming, MI, for Wyoming Police Officer Swick and City of Wyoming.

Amy L. Sparkman, Garlington & Associates, Wyoming, MI, for Officer Birdsley.

Donald Merrill Bailey, James L. Koetje, Bailey, France, Koetje & Stone, Grandville, MI, for Merl's Towing and Matt Doe.

## OPINION

QUIST, District Judge.

■ Plaintiffs Jeffrey Schilling and his son, Kyle Schilling, initiated this action under 42 U.S.C. § 1983 and pendent state law claims. The state law claims were dismissed on February 4, 1994. Defendants filed a Motion for Summary Judgment (docket no. 34), and a Motion for Summary Disposition pursuant to Fed.R.Civ.P. 12(b)(6) (docket no. 35). The Federal Rules of Civil Procedure do not recognize motions for "summary disposition." Motions to dismiss under Fed. R.Civ.P. 12(b)(6) are to be treated as motions for summary judgment under Fed.R.Civ.P. 56 if the Court considers matters outside of the pleadings. Fed.R.Civ.P. 12(b). In deciding the defendants' motions, this Court considered matters outside of the pleadings. Therefore, both of defendants' motions are decided under Rule 56 standards.

Plaintiffs have filed a "Motion to Strike Defendants' 12B6 Pleading" which this Court will treat as a response to defendants' motions.

### BACKGROUND FACTS

On November 23, 1993, defendant, Officer Lon Swick, was on duty with the Wyoming Police Department when he states he observed plaintiff Jeffrey Schilling driving westbound on 32nd Street in the City of Wyoming at a very fast speed. Plaintiff Kyle Schilling was in the passenger seat of the vehicle at the time.[1]

Officer Swick submitted an affidavit stating that while he was traveling eastbound on 32nd Street he obtained a radar reading which indicated that Jeffrey Schilling's vehicle was traveling 50 miles per hour in a 35 mile per hour zone.[2] Plaintiffs and defendants agree that Officer Swick made a U-

---

1. Kyle Schilling is Jeffrey Schilling's son.

2. The portions of Officer Swick's affidavit that are refuted by plaintiffs are noted in the opinion.

turn and began following plaintiffs. Plaintiff Jeffrey Schilling drove into a parking lot and parked. Officer Swick followed, and parked his cruiser directly behind plaintiffs' vehicle. Officer Swick claims that plaintiff Jeffrey Schilling attempted to maneuver his vehicle around the police cruiser and started to proceed westbound. However, Mr. Schilling stopped when Officer Swick ordered him to do so.

Officer Swick stated in his affidavit that he asked Jeffrey Schilling to produce his driver's license, registration and proof of insurance. Mr. Schilling refused to identify himself or produce the requested items. Mr. Schilling does not refute this assertion. In fact, he indicates in his reply brief that he stated to Officer Swick, "Do you have any proof that I am operating in commerce at this time?" Mr. Schilling admits that Officer Swick repeated his request that plaintiff produce his driver's license, however, Mr. Schilling claims that Officer Swick used profanity in his second request. Mr. Schilling did not produce a driver's license. In his response to defendants' motions, plaintiff Jeffrey Schilling claims that he has the "absolute right to travel without the state granted privilege of a driver's license . . ." and that "the private conveyance in which he was traveling is not required to be registered within the corporate State of Michigan."

Officer Swick states that he advised Jeffrey Schilling that he was under arrest when he refused to produce the requested items. According to the affidavit Officer Swick submitted, when Mr. Schilling was informed that he was under arrest, Mr. Schilling stated that he did not have a license and he drove away. Mr. Schilling asserts that when he asked if he was under arrest Officer Swick said no, and Mr. Schilling left the scene. Officer Swick asserts that as Mr. Schilling left the parking lot he made repeated commands for him to stop his vehicle, but that Mr. Schilling continued to accelerate. Mr. Schilling does not deny these assertions. Mr. Schilling left the parking lot and proceeded down Jefferson Avenue. Officer Swick got back into his car and chased Mr. Schilling; Officer Swick activated his cruiser

lights and siren and eventually Mr. Schilling stopped and exited his vehicle. Officer Swick took Mr. Schilling into custody.

Officer Swick states that at first Jeffrey Schilling refused to tell him who could come and get his son Kyle. After repeated requests, Mr. Schilling told officer Swick that Dana Garbo could be contacted to pick up Kyle.[3]

Officer Swick ran a check on Mr. Schilling's license plate through the Law Enforcement Information Network ("LEIN"), and learned that the license plate was registered to a Honda in the names of Jeffrey and Dana Schilling, not an AMC, which is the vehicle Mr. Schilling was driving. Since the vehicle had improper plates and no proof of ownership or insurance was provided, the vehicle was impounded. Officer VanderBaan conducted a vehicle inventory search, and the vehicle was towed.

## DISCUSSION

### Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. The summary judgment standard mirrors the standard for a directed verdict. The only difference between the two is procedural. Summary judgment is made based on documentary evidence before trial, and directed verdict is made based on evidence submitted

---

3. Dana Garbo is Jeffrey Schilling's wife and Kyle Schilling's mother.

at trial. 477 U.S. at 250–51, 106 S.Ct. at 2511.

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi*, 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### FOURTH AMENDMENT CLAIM

Plaintiff Jeffrey Schilling claims defendant Officer Swick lacked probable cause to place him under arrest. Officer Swick's affidavit states that Mr. Schilling was speeding when Officer Swick initially saw him traveling westbound on 32nd Street. "Whether a traffic stop violates the Fourth Amendment must be evaluated in the same manner as other alleged violations of that amendment: by undertaking 'an objective assessment of an officer's actions in light of the facts and circumstances then known to him.'" *United States v. Ferguson*, 8 F.3d 385, 388 (6th Cir.1993) (en banc), *cert. denied*, —— U.S. ——, 115 S.Ct. 97, 130 L.Ed.2d 47, (citing *Scott v. United States*, 436 U.S. 128, 137, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168 (1978).

The Sixth Circuit maintains "... that so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment ... this probable cause determination ... will turn on what the officer knew at the time he made the stop." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir.1993) (en banc), *cert. denied*, —— U.S. ——, 115 S.Ct. 97, 130 L.Ed.2d 47.[4] In *United States v. Crotinger*, 928 F.2d 203 (6th Cir.1991), the police officer performed a traffic stopped on a car traveling 66 miles per hour in a 55 mile per hour zone. The court found that "probable cause for stopping the car for a speeding violation existed because of the 66 mph reading on the radar detector." *Id.* at 206.

In this case Officer Swick conducted a traffic stop after he allegedly obtained a radar detector reading indicating that Mr. Schilling was traveling 50 miles per hour in a 35 mile per hour zone. During the traffic stop, the officer asked Mr. Schilling to produce his driver's license, vehicle registration, and proof of insurance.

M.C.L.A. § 257.904a; M.S.A. § 9.2604(1) states:

Any person, not exempt from license under this act,[5] who shall operate a motor vehicle upon the highways of this state and who is unable to show that he or she has been issued a license to operate a motor vehicle by any state or foreign country valid within the 3 years preceding is guilty of a misdemeanor, ..

Jeffrey Schilling was unable to show that he had been issued a driver's license, and eventually he admitted that he did not have a license. When Mr. Schilling failed to produce a driver's license, and when he indicated to Officer Swick he did not have a driver's license, Officer Swick had probable cause to arrest Mr. Schilling.

Officer Swick also had probable cause to arrest Jeffrey Schilling based upon his failure to provide proof of insurance upon request. M.C.L.A. § 500.3101; M.S.A. § 24.13101[6] requires the owner or registrant

---

**4.** *See United States v. McCully*, 21 F.3d 712 (6th Cir.1994).

**5.** M.C.L.A. § 257.302, M.S.A. § 9.2002 sets forth who is exempt from obtaining a driver's license. Mr. Schilling is not exempt.

**6.** M.C.L.A. § 500.3101; M.S.A. § 24.13101 (amended 1994).

of a motor vehicle to obtain motor vehicle insurance. M.C.L.A. § 500.3101 provides in pertinent part:

> (1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway.

> \*   \*   \*   \*   \*   \*

> (3) Security may be provided under a policy issued by an insurer duly authorized to transact business in this state which affords insurance for the payment of benefits described in subsection (1). A policy of insurance represented or sold as providing security shall be deemed to provide insurance for the payment of benefits.

The City of Wyoming has also adopted a city ordinance which requires owners of motor vehicles to provide proof of insurance upon request.[7] Based upon the undisputed facts that plaintiff failed to produce a driver's license and proof of insurance upon demand, and that plaintiff did not have a valid driver's license, Officer Swick had probable cause to arrest plaintiff.

Plaintiff also appears to argue that Officer Swick did not have the authority to arrest him without a warrant. M.C.L.A. § 764.15; M.S.A. § 28.874 states:

> (1) A peace officer, without a warrant, may arrest a person in the following situations:

>> (a) When a felony, misdemeanor, or ordinance violation is committed in the peace officer's presence.

Defendants cite *Parker v. Strong,* 717 F.Supp. 767 (W.D.Okla.1989), in support of their argument that a person driving without a valid license when stopped by an officer supplied probable cause for that person's arrest. *Parker* is factually similar to this case;

the plaintiff in *Parker* was stopped for speeding and when the officer found out the plaintiff did not have a driver's license plaintiff was arrested. The court found that the existence of probable cause for plaintiff's arrest precluded recovery in a civil rights action based on 42 U.S.C. § 1983. The Seventh Circuit also held "[t]he existence of probable cause bars [a section] 1983 action." *Currier v. Baldridge,* 914 F.2d 993, 996 (7th Cir. 1990), *cert. denied,* 499 U.S. 962, 111 S.Ct. 1588, 113 L.Ed.2d 652 (1991).

### QUALIFIED IMMUNITY

■ In addition to the fact that Officer Swick had probable cause to arrest plaintiff, the qualified immunity doctrine protects Officer Swick from liability. The doctrine of qualified immunity, which applies to officials sued in their individual capacities, provides:

> [A] reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of the law as it existed when the defendant took his challenged actions.

*Poe v. Haydon,* 853 F.2d 418, 423–24 (6th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989).

■ The qualified immunity doctrine shields government officials performing discretionary functions from civil damages liability, provided their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The United States Court of Appeals for the Sixth Circuit reiterated that an official is subject to suit only if "the particular conduct of the official [falls] clearly within the area protected by the constitutional right, such that a reasonable official would have known that his or her conduct violated the constitutional right." *Wal-*

---

7. The City of Wyoming Code section 5.100 provides in pertinent part:

> (1) Whenever any motor vehicle is required by Michigan law to be insured and such vehicle is being operated on any public street or high-

way, the owner or operator thereof shall produce, upon request of any police officer, evidence that such motor vehicle is an insured motor vehicle as required by Michigan law ... (4) Any person who violates this section is guilty of a misdemeanor.

*ton v. City of Southfield,* 995 F.2d 1331, 1336 (6th Cir.1993).

As the Sixth Circuit explained in *Meyers v. City of Cincinnati,* 979 F.2d 1154 (6th Cir. 1992), the doctrine of qualified immunity is based on the policy that the public is better served if officials are free to act with independence and without fear of consequences when their duties require action in areas where clearly established rights are not implicated. *Id.* at 1156, (citing *Harlow v. Fitzgerald,* 457 U.S. at 819, 102 S.Ct. at 2738). The qualified immunity doctrine attempts to balance, on the one hand, the need to protect officials who are required to exercise their discretion and the interest of the public in the vigorous exercise of public authority against, on the other hand, the availability of a damages remedy to protect the rights of citizens. *Id.*

■ An official seeking immunity "bears the initial burden of showing that public policy requires such an exemption." *Id.* The burden then shifts to plaintiff to show "facts that, if true, defeat the assertion of the doctrine." *Id.* Officer Swick has provided sufficient undisputed evidence that his conduct warrants protection under the qualified immunity doctrine. Officer Swick performed a routine traffic stop when he reasonably believed plaintiff was speeding. During the traffic stop, Officer Swick obtained information that provided him with probable cause to arrest Mr. Schilling. Mr. Schilling failed to provide any facts which would defeat the assertion of the doctrine. Therefore, defendants' motion for summary judgment will be granted based upon the doctrine of qualified immunity.

### FIFTH AMENDMENT CLAIM

■ Plaintiffs' complaint alleges a violation of their Fifth Amendment rights. Plaintiffs assert that Officer Swick did not advise them of their Miranda rights. Miranda warnings protect an individual's Fifth Amendment right against self-incrimination and only apply when an individual is taken into custody and is subject to questioning. *Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630–31, 16 L.Ed.2d 694 (1966). Plaintiffs have failed to allege or establish

that they were subject to a custodial interrogation. Asking a driver of a vehicle to produce a driver's license and proof of insurance does not amount to a custodial interrogation. Cf., *United States v. Soto,* 988 F.2d 1548, 1554 (10th Cir.1993). Furthermore, Mr. Schilling did not allege that he made incriminating statements while he was in custody that were used against him in a criminal proceeding. Therefore, plaintiffs have failed to state a claim upon which relief may be granted, and plaintiffs' "Miranda claim" will be dismissed.

### EIGHTH AMENDMENT

■ Plaintiffs' claim that they were subject to cruel and unusual punishment in violation of the Eighth Amendment fails because the Eighth Amendment does not protect pretrial detainees. *Barber v. City of Salem,* 953 F.2d 232, 235 (6th Cir.1992). Although plaintiffs do not enjoy the protection of the Eighth Amendment, they do have rights under the Fourteenth Amendment which are discussed herein. Therefore, plaintiffs' Eighth Amendment claim will be dismissed.

### CLAIMS AGAINST THE CITY OF WYOMING

■ Plaintiffs allege that defendant, City of Wyoming, failed to train, supervise and control Officer Swick. Plaintiff must show that inadequate training represented a city policy and that the need for better training was so obvious and the inadequacy so likely to result in a violation of constitutional rights, that the municipality can be said to have been deliberately indifferent to the need. *City of Canton v. Harris,* 489 U.S. 378, 387–88, 109 S.Ct. 1197, 1204–1205, 103 L.Ed.2d 412 (1989). There must also be a direct causal link between the policy, custom, or deficient training and the alleged constitutional violation. *Montgomery v. County of Clinton,* 743 F.Supp. 1253, 1257 (W.D.Mich. 1990), *aff'd without opinion,* 940 F.2d 661 (6th Cir.1991) (citing *City of Canton v. Harris,* 489 U.S. 378, 389–90, 109 S.Ct. 1197, 1205–1206, 103 L.Ed.2d 412 (1989)). In this case, the Court has already determined that the officer's conduct did not violate the plaintiffs' constitutional rights. Thus, a direct

and causal link between the allegedly deficient practice and a constitutional violation is missing.

■ Plaintiffs also allege that the defendant, City of Wyoming, is liable under the doctrine of Respondeat Superior. A city cannot be held liable under section 1983 for damages inflicted by its officers on a respondeat superior theory. *Monell v. Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Furthermore, this Court has held that the officers' conduct did not amount to a violation of plaintiffs' constitutional rights. Therefore, the City cannot be held liable. Thus, plaintiffs' claim against the City of Wyoming under the doctrine of respondeat superior fails and will be dismissed.

Finally, plaintiffs claim the city has a pattern and practice of depriving individuals of their constitutional rights. Plaintiffs failed to allege any facts to support this claim, and plaintiffs failed to supply any evidence to support this claim in response to defendants' motion. Additionally, this Court has already held that plaintiffs' constitutional rights were not violated as a matter of law.

### THREATS TO PLAINTIFF

■ Plaintiff Kyle Schilling alleges that defendant Swick threatened to break the car window with a crow bar and physically drag him out of the car. Plaintiff claims that this threat constituted a violation of his constitutional rights. However, plaintiff did not specify which constitutional rights were allegedly violated by the officer's threat. In *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983), the court stated "as a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.' " (Citing *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Although these cases are not factually similar to this case, the principle espoused

in these cases provides this Court with guidance in resolving this issue.

Based upon the undisputed allegations, defendants' threats to Kyle Schilling do not rise to a level of a constitutional violation. Thus, summary judgment will be granted in favor of defendant on this issue.

### IMPOUNDING PLAINTIFFS' VEHICLE AND CONDUCTING AN INVENTORY SEARCH

■ Plaintiff Jeffrey Schilling asserts that defendants unconstitutionally impounded and searched his vehicle. Defendants impounded plaintiffs' vehicle in accordance with the Wyoming City Code,[8] and defendants assert that they conducted an inventory search in accordance with standard Wyoming police procedures.

In *United States v. Decker*, 19 F.3d 287, 289 (6th Cir.1994), the court noted that "[t]he Supreme Court long ago established that a valid inventory search conducted without a warrant does not violate the Fourth Amendment." In *South Dakota v. Opperman*, 428 U.S. 364, 373, 96 S.Ct. 3092, 3099, 49 L.Ed.2d 1000 (1976), the Court stated ". . . this Court has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents."

Defendants impounded plaintiffs' vehicle pursuant to the Wyoming City Ordinance, and they assert that they conducted an inventory search in accordance with police procedures. Plaintiffs have not offered any evidence to refute defendants' claim. Additionally, plaintiffs have not shown what damage may have occurred because of the inventory search. There was simply a search, nothing was taken. Finally, defendants presented evidence that the vehicle was released to plaintiff Jeffrey Schilling's wife the next day. Therefore, summary judgment will be granted in favor of defendants on this issue.

---

8. Vehicle removed by police. (1) A police agency or a governmental agency designated by the police agency may provide for the immediate removal of a vehicle from public or private property to a place of safekeeping at the expense of the registered owner of the vehicle in

any of the following circumstances: (e) If the vehicle must be seized to preserve evidence of a crime, or *when there is reasonable cause to believe that the vehicle was used in the commission of a crime.* (Emphasis added)

### CONCLUSION

Summary judgment will be GRANTED in favor of defendants on all of plaintiffs' claims for the reasons stated above. Therefore, plaintiffs' entire complaint will be dismissed.

A separate Order will be entered.

### ORDER

In accordance with the Opinion issued on this date,

IT IS HEREBY ORDERED that defendants' motion for summary judgment (docket no. 34) and defendants' motion for summary disposition (which is treated as a motion for summary judgment) (docket no. 35) are GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to strike defendants' 12B6 pleading (docket no. 37) is DENIED AS MOOT.

IT IS FURTHER ORDERED that plaintiffs' entire complaint is DISMISSED.