**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas CROTINGER,**
**Defendant–Appellant.**

**No. 90–5990.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 7, 1991.

Decided March 15, 1991.

W. Hickman Ewing, Jr., U.S. Atty., Timothy R. DiScenza, Van S. Vincent, Asst. U.S. Attys. (argued), Office of the U.S. Atty., Memphis, Tenn., for plaintiff-appellee.

Edward Witt Chandler (argued), Memphis, Tenn., for defendant-appellant.

Before MERRITT, Chief Judge, RYAN and SUHRHEINRICH, Circuit Judges.

MERRITT, Chief Judge.

Defendant appeals from a jury verdict finding him guilty of possession with intent to distribute marijuana, under 21 U.S.C. § 841(a)(1). We affirm.

## FACTS

On April 30, 1989, a police officer, who was using a stationary radar to catch speeders on Interstate I–40 just outside of Memphis, pulled over a car for going 66 mph in a 55 mph zone. Three individuals occupied the car: Amada Guevara drove the car; Angela Riley and defendant rode as passengers. While asking Guevara for his license, the police officer noticed some unidentifiable white pills on the floorboard of the car. Guevara got out of the car at the policeman's request. He informed the policeman that the car belonged to Riley. The policeman asked Guevara to sit in the back of the police cruiser until he verified ownership of the vehicle.

The policeman reapproached Riley's car to see if he could possibly identify the white pills he had earlier noticed. The pills were no longer there. At this point, the officer detected the faint smell of marijuana. His suspicions were further aroused by the inconsistencies in what the occupants of the car told him regarding the purpose for their trip and the identity of defendant. Although all agreed that they had traveled from Texas and were going to Ohio, each gave a different and, for the most part, conflicting view of the purpose of the trip when asked by the officer out of the hearing range of their fellow travelers. In addition, when the officer asked Guevara about defendant, Guevara stated that defendant was Riley's friend. When the officer later asked Riley how she knew defendant, she replied that she had just met him, that he was a friend of Guevara, and that she did not even know his last name.

The policeman then called his partner for back up and asked Riley if she would consent to his searching her (actually her husband's) car. After the partner arrived, the officer read to Riley information contained on a consent to search form, explaining to her that the form would authorize him to search containers and compartments within

the vehicle. She gave unequivocal consent and signed the form. The policeman began his search in the passenger compartment of the car, looking for the pills that he had earlier seen on the floorboard. In the back seat, in an overnight bag, he found two partially-smoked marijuana cigarettes. Thereafter, upon opening the trunk, the officer was "overcome" by the "thick, strong smell of marijuana." The officer then searched three suitcases and a garment bag which were in the trunk. In all, the policeman found one hundred twenty-two pounds of marijuana in two suitcases in the trunk of the car in which defendant was riding.

## I. ADMISSION OF DRUGS INTO EVIDENCE

Defendant asserts that the district court erred in introducing into evidence the drugs found by the policeman because the drugs were the product of an illegal search. Because we find the policeman had sufficient probable cause to search the entire automobile for drugs, no warrant was needed for the search of defendant's suitcases in which the drugs were found.

■ The moving vehicle exception to the warrant rule is well-established. *See, e.g., United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572 (1982); *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 158–59, 45 S.Ct. 280, 287, 69 L.Ed. 543 (1925). If probable cause justifies a search of a vehicle which has been lawfully stopped, then that probable cause extends to justify the search of every part of the vehicle and all containers found therein in which contraband could be hidden. *Ross,* 456 U.S. at 824, 102 S.Ct. at 2172. The nature of the containers found inside a vehicle does not define the scope of the search. *Id.* at 824, 102 S.Ct. at 2172. The Court has stated that the contents of a paper bag are protected to the same extent as those of a suitcase or attache. *Id.* at 822, 102 S.Ct. at 2171. Instead, a search conducted pursuant to this exception is limited by the nature of the contraband: only

containers which could contain the contraband may be searched.

■ All defendant's challenges to the admission of the evidence must fail. As discussed in Section II, the police officer validly stopped the vehicle in which defendant was travelling for speeding. Furthermore, the policeman had sufficient probable cause to search the vehicle and its containers for contraband. Upon first approaching defendant in the back seat of the car, the officer detected the faint smell of burning marijuana. The officer then asked Ms. Riley, who was in possession of the car which belonged to her husband, for consent to search the car, including containers and the trunk. After obtaining her valid consent, the officer looked through the passenger compartment of the car. In an overnight bag, he found two partially smoked marijuana cigarettes. Thereafter, he opened the trunk and smelled the strong scent of raw marijuana. These discoveries, in addition to the conflicting, and somewhat suspicious, stories told to the officer by the occupants of the car regarding their relationship to each other and the purpose of their trip, gave the officer sufficient probable cause to search the entire vehicle and its contents for drugs. *See, e.g., United States v. Burnett,* 791 F.2d 64, 67 (6th Cir.1986).

Although defendant did not directly address the issue in his briefs on appeal, we note that the holdings of *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) and *Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) do not govern the case at bar. In *Chadwick* and *Sanders,* the Court held the moving vehicle exception to the warrant rule did not apply to a locked trunk and suitcase, respectively, taken out of an automobile. In both cases, the Court suppressed the evidence seized because no warrant had been obtained. However, the containers seized in both those cases were under surveillance by law enforcement personnel *prior* to being placed in the automobile; probable cause existed to search the containers independent of the vehicle in which they were placed. The Court in *Ross*

distinguished the facts of that case from the facts in *Chadwick* and *Sanders* on the basis that the police had probable cause to search the *entire vehicle* in *Ross* whereas, in the other two cases, probable cause extended only to the containers which contained contraband and not to the entire vehicle itself. *Ross*, 456 U.S. at 814, 102 S.Ct. at 2167 (emphasis added). The facts in the case at bar more closely parallel those of *Ross* than those of *Chadwick* and *Sanders*, in that the police officer had probable cause to search the entire vehicle, not just the specific bags that contained the marijuana. At no time did there exist independent probable cause to search the suitcases themselves. *Cf. California v. Acevedo*, 216 Cal.App.3d 586, 265 Cal.Rptr. 23 (Cal.Ct.App.1989), *cert. granted*, — U.S. ——, 111 S.Ct. 39, 112 L.Ed.2d 15 (1990); for a discussion of the arguments made before the Court in *Acevedo*, see 59 U.S. L.W. 3493, 3493–95 (U.S. Jan. 21, 1991) (No. 89–1690). Accordingly, we find the warrantless search was justified.

## II.  PRETEXTUAL STOP

Defendant next contends that the traffic violation was merely a pretextual reason to stop the car to search for drugs and, as such, the evidence gathered as a result of such an illegal search must be suppressed. However, the facts simply do not support the assertion that the officer stopped the vehicle at issue for any other reason than a valid traffic violation.

In ruling on whether a stop by a traffic officer was a pretextual reason to check for drugs, this Court in *United States v. Pino*, 855 F.2d 357, 361 (6th Cir.1988), *cert. denied*, — U.S. ——, 110 S.Ct. 1160, 107 L.Ed.2d 1063 (1990) found helpful the reasoning of *United States v. Smith*, 799 F.2d 704 (11th Cir.1986). The *Smith* Court made an objective inquiry into whether a reasonable officer would have made the stop based on a probable cause for a traffic violation in the absence of an invalid purpose. *Id.* at 709. Specifically, the Court found that the officer had no probable cause even to stop the vehicle which had been slightly weaving within its own lane.

It went on to note that, even subjectively, the officer was motivated to stop the car based on the driver's fitting a drug courier profile. *Id.*

■ Objectively, it is reasonable for a police officer operating a speed trap to stop and ticket vehicles going 66 mph in a 55 mph zone. Probable cause for stopping the car for a speeding violation existed because of the 66 mph reading on the radar detector. Additionally, although defendant sought to elicit evidence of other motives at the suppression hearing, there existed no evidence to suggest that the officer was doing anything on I–40 but catching speeders or that the police officer stopped the car defendant was in for any reason other than it was speeding.

## III.  SEVERANCE OF CASES

Defendant next contends that the district court abused its discretion in not granting his motion to sever under Federal Rule of Criminal Procedure 14. The gist of his complaint is that his co-defendant, Guevara, claimed a defense that was antagonistic to his own regarding the ownership of the bags in which the marijuana was found.

■ This Court in *United States v. Horton*, 847 F.2d 313 (6th Cir.1988) ruled on an almost identical situation, noting that a defendant who seeks to overturn a district court's decision not to sever the trials of co-defendants who allegedly participated in the same crime "bears a heavy burden" and must make a "strong and compelling" showing of prejudice before reversal will be warranted. *Id.* at 317. The mere fact that each defendant "points the finger" at his co-defendant is insufficient; a defendant seeking to sever a trial must show that antagonistic defenses will confuse or mislead the jury. *Id.* (citations omitted). Because a jury could reasonably be expected to sort out the evidence applicable to whether defendant, Guevara or someone else owned the suitcases containing the marijuana, the trial court did not abuse its discretion in not severing the trial.

## IV. SELF-INCRIMINATION

Finally, defendant claims that his Fifth Amendment right to testify on his own behalf was abridged by certain statements made by the district judge in the suppression hearing. Specifically, defendant asserts that the District Court prevented him from taking the stand and testifying at trial that the suitcases were not his. Upon review of the record, we find that the judge's statements should not be interpreted as interfering with defendant's fifth amendment right to testify.

 The relevant facts are as follows. Defendant did not testify in the suppression hearing. However, his counsel called as a witness Ms. Riley, who testified that the bags containing marijuana found in the trunk of her car were defendant's. In addition, throughout the suppression hearing, defendant's counsel referred to the suitcases in which the drugs were found as belonging to defendant in order to claim an expectation of privacy in the bags and to assert that the evidence was seized in violation of the fourth amendment. The Court and the prosecution apparently understood defendant's counsel to be making a judicial admission that the suitcases belonged to defendant. However, when the prosecution asked defendant's counsel if he was admitting the suitcases belonged to defendant, counsel stated he was not.

At that point, the Court warned defense counsel that "you as an officer of this Court can't advocate a system that you know is not true." The court tried to stress to counsel that if he knew that the bags belonged to defendant, he could not advocate at trial that they were not defendant's. The court then told counsel that he should not have advocated at the suppression hearing that the bags were defendant's if he did not know whose bags they were. Although defendant did not testify at trial, his counsel's statements at the suppression hearing were not treated as a judicial admission that the suitcases belonged to defendant.

Therefore, we find that the District Court did not impermissibly suggest that defendant was not permitted to testify at trial. Instead, the court properly stressed to defense counsel his ethical duties not to offer perjured testimony at trial, or alternatively, not to advocate an untruth during the suppression hearing.

Accordingly, judgment against defendant is **AFFIRMED**.