966 F.2d 1454
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Placido G. CARRERA (90-6415), Carlos G. Guajardo (90-6564),
Defendants-Appellants.
 Nos. 90-6415, 90-6564.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1992.
 
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI,* District Judge.
 PER CURIAM.
 
 
 1
 Carlos G. Guajardo and Placido G. Carrera appeal from a jury verdict finding them guilty of possession of marijuana with intent to distribute, under 21 U.S.C. § 841(a) and 18 U.S.C. § 2. We affirm.
 
 I.
 
 2
 On December 5, 1989, a police officer, who was using a stationary radar to catch speeders on Interstate 240, pulled over a vehicle for traveling 65 mph in a 55 mph zone. Carrera and Guajardo were passengers in the car. As the officer approached the vehicle, the driver rolled down his window. The officer detected a strong scent of raw marijuana. The driver was informed that he was speeding and ordered to accompany the officer to the patrol car. A courtesy citation, which is issued to all offenders traveling no more than ten miles over the speed limit, was prepared.
 
 
 3
 The officer requested the vehicle's registration which the driver did not have. The driver also did not know to whom the car was registered. The officer checked the registration and learned that the car belonged to an individual in Texas. The officer then asked the driver if he was carrying anything illegal. The driver responded in Spanish. Previously he had been answering the officer's questions in English.
 
 
 4
 By this time a second officer had arrived at the scene. The first officer asked him to walk over to the vehicle and "take a smell." The second officer also detected the odor of marijuana.
 
 
 5
 The officers instructed Carrera and Guajardo to step out of the car. They searched the passenger compartment of the car and found the trunk key lying on the floor. The officers opened the trunk and discovered fourteen large bags of marijuana.
 
 II.
 
 6
 Appellants assert that the traffic violation was pretextual and that the evidence gathered as a result should be suppressed. However, the facts do not support the assertion that the officer stopped the vehicle for any reason other than a valid traffic violation.
 
 
 7
 The proper test for determining whether a stop is pretextual is "whether a reasonable officer would have made the stop based on a probable cause for a traffic violation in the absence of an invalid purpose." United States v. Crotinger, 928 F.2d 203, 206 (6th Cir.1991) (citing United States v. Smith, 799 F.2d 704 (11th Cir.1986).
 
 
 8
 Guajardo claimed that they were traveling 45 mph. The officer testified that he had clocked the vehicle traveling at 65 mph in a 55 mph zone. He also testified that the radar was calibrated daily, that he tested it prior to its use and that it was functioning properly. The magistrate found the officer's testimony to be entirely credible and Guajardo's testimony as to the speed they were traveling to be unlikely.
 
 
 9
 Appellants further claimed that the officer stopped their vehicle because it had Texas license plates and they were Hispanic. The officer testified that because the headlights of oncoming cars were shining in his face, he was unable to see either the license plates or the occupants when the vehicle passed him.
 
 
 10
 Objectively, it is reasonable for a police officer operating a "stationary radar" to stop vehicles going 65 mph in a 55 mph zone. There is no credible evidence to suggest that the officer stopped the car for any reason other than that it was speeding.
 
 III.
 
 11
 Appellants further assert that the district court erred in introducing into evidence the drugs found by the officers because they were the product of an illegal search. Because we find that the officers had sufficient probable cause to search the entire vehicle for drugs, no warrant was needed.
 
 
 12
 Where officers have probable cause to search an automobile that has been stopped on the highway, a warrant need not be obtained prior to the search. See United States v. Ross, 456 U.S. 798 (1982). In Ross, the Supreme Court held that if probable cause justifies the search of a lawfully stopped vehicle, then that probable cause extends to justify the search of every part of the vehicle, including the trunk, and any containers found therein that may conceal the contraband. Id. at 825.
 
 
 13
 The officer testified that he detected the strong odor of raw marijuana coming from Appellants' vehicle. The smell of marijuana emanating from Appellants' vehicle gave the officer probable cause to believe that there was marijuana inside the vehicle, thereby giving him probable cause to search the vehicle, including the trunk. See Donald M. Zupanec, Annotation, Odor of Narcotics as Providing Probable Cause for Warrantless Search, 5 A.L.R. 4th 681 (1981) (listing numerous cases that hold that the odor of fresh marijuana, standing alone, provides probable cause for warrantless search of lawfully stopped vehicles and their contents).
 
 IV.
 
 14
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Frank J. Battisti, District Judge, United States District Court for the Northern District of Ohio, sitting by designation