995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe GUZMAN, Jr., Defendant-Appellant,
 No. 92-5921.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1993.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges; LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Guadalupe Guzman, appeals the district court's order denying his motion to suppress the admission of physical evidence seized during a warrantless search of a rented vehicle in which he travelled as a passenger. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 In the early morning hours of May 5, 1991, defendant and his co-defendant, Kadriye Burcu Alman, travelled on Interstate 65 through Kentucky on their way from Houston to Detroit. Alman was driving and defendant rode in the front passenger seat. Kentucky State Trooper Mark Haynes patrolled the same strip of highway.
 
 
 3
 Trooper Haynes noticed the vehicle weaving from side to side of the road. He followed the vehicle farther along on I-65 until it exited. As Trooper Haynes continued to follow, he noticed that the driver gave confused turn signals and swung into opposing traffic as the driver attempted to negotiate a turn. As a result, Trooper Haynes stopped the vehicle.
 
 
 4
 Trooper Haynes asked the driver, Alman, for her driver's license. While Alman was looking for her license, which she never produced, Trooper Haynes observed empty beer cans in the car and smelled alcohol on the driver. He asked Alman to exit the car and subjected her to field sobriety tests, which were negative. By this time, Kentucky State Trooper Thomas arrived as back-up assistance and questioned defendant about the details of his trip.
 
 
 5
 During the field sobriety tests, Trooper Haynes asked Alman where she was going and who owned the car. Alman responded by stating that defendant's sister, Maria Guzman, rented the vehicle. She produced a rental agreement identifying Maria Guzman as the lessor and the only authorized driver of the car. Alman also told Trooper Haynes that Maria Guzman had flown to Detroit. After discussion, Troopers Haynes and Thomas determined that defendant and Alman gave conflicting stories about the purpose of their trip to Detroit.
 
 
 6
 Trooper Haynes decided to ask Alman for consent to search the car. She verbally consented and then executed a written "Permission to Search" form. After the consent form was signed, but before the search began, defendant told Trooper Thomas that Alman had a marijuana cigarette in her purse. Trooper Haynes searched Alman's purse, which was lying in the back seat, and found a marijuana cigarette. Trooper Haynes then decided to search the trunk. He asked defendant and Alman if they owned the baggage in the trunk; Alman responded that they did. Trooper Haynes discovered 990 grams of cocaine in a black gym bag, and defendant and Alman were subsequently arrested.
 
 
 7
 Defendant was charged with possessing 990 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Pursuant to a Fed.R.Crim.P. 11 plea agreement, defendant pled guilty to the charge in the indictment. He was sentenced to sixty months imprisonment and four years of supervised release. This appeal followed.
 
 II.
 
 8
 Defendant contends that Alman's voluntary consent to search was invalid as to him. Specifically, defendant argues that because he was vested with responsibility for the car, it was only he, not Alman, who had authority and control over the auto and who could, therefore, consent to a search. We disagree and affirm on two grounds.
 
 
 9
 The district court's factual findings will stand, unless clearly erroneous. United States v. Newman, 889 F.2d 88, 94 (6th Cir.1989), cert. denied, 110 S.Ct. 2566 (1990).[1] Conclusions of law are reviewed de novo. United States v. Duncan, 918 F.2d 647, 650 (6th Cir.1990).
 
 A. Consent
 
 10
 In United States v. Matlock, 415 U.S. 164 (1974), the Supreme Court stated:
 
 
 11
 [w]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or otherwise sufficient relationship to the ... effects sought to be inspected.
 
 
 12
 Id. at 171 (emphasis added). The "common authority" may derive from "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." Id. n. 7 (emphasis added). Thus, as to defendant, the validity of Alman's consent depends upon the extent to which she enjoyed access or control over the vehicle and its contents.
 
 
 13
 The record evidence clearly shows that Alman had control of the car and the actual items searched. Alman possessed the keys to the automobile and produced the rental contract for Trooper Haynes' inspection. She was driving the car, and therefore controlling it, when pulled over. In fact, because she and defendant alternated driving the vehicle, Alman clearly had "control" of the car for an extended period of time. Further, Trooper Haynes found the cocaine in Alman's gym bag. It defies common sense to suggest, as defendant does, that Alman lacked control over her own personal items, including the bag in which the illegal drugs were found. We conclude that the district court's finding that Alman had control over the rental car and over the searched items was neither clearly erroneous nor contrary to the law.
 
 B. Independent Source
 
 14
 We find an additional reason to affirm, a reason not relied on by the district court. Even if Alman's consent was defective, Trooper Haynes had probable cause to believe that the automobile was being used to conceal contraband; because such probable cause arose from a source independent of the claimed defective consent, suppression was not warranted.
 
 
 15
 In United States v. Wong Sun, 371 U.S. 471 (1963), the Supreme Court stated that "the exclusionary rule has no application" when "the government learn[s] ... of the evidence from an independent source." Wong Sun, 371 U.S. at 487 (internal quotations omitted). Thus, notwithstanding an antecedent illegal search, untainted, independently acquired evidence will not be suppressed. Such is the case here.
 
 
 16
 Before the car was searched, defendant told Trooper Haynes that Alman had a marijuana cigarette in her purse. The statement did not originate from an anonymous, suspicious, or attenuated source; rather, the statement came from an individual who was in close proximity to Alman and who could have very likely had first hand knowledge of the contents of the purse. Defendant's statement, together with Alman's erratic driving, provided probable cause to believe that illegal drugs were concealed in Alman's purse, which was in the back seat of the vehicle. Trooper Haynes therefore had probable cause to search the entire auto and any containers therein, including, obviously, the trunk, where the cocaine was found. See United States v. Acevedo, 111 S.Ct. 1982 (1991) (holding that probable cause to believe that contraband is in a closed container of a car permits a search of the entire car and all containers, including closed ones, therein). Accordingly, even if we assume that Alman's consent was invalid as to defendant, the acquisition of the incriminating evidence was constitutionally valid because it derived from defendant's intervening independent act of free will (i.e., defendant's statement). We conclude that the discovery of the incriminating evidence did not result from "exploitation of the [antecedent] illegality," Wong Sun, 371 U.S. at 488 (internal quotations omitted), and that suppression was not warranted. Our decision is consistent with prior circuit decisions. See, e.g., United States v. Crotinger, 928 F.2d 203 (6th Cir.1991); United States v. Dunson, 940 F.2d 989 (6th Cir.1991), cert. denied, 112 S.Ct. 1488 (1992).
 
 III.
 
 17
 After reviewing the record, we conclude that the district court's factual findings were not clearly erroneous, nor were its legal conclusions incorrect. Thus, for all of the reasons stated, we AFFIRM the district court's order denying defendant's motion to suppress.
 
 
 18
 KEITH, concurring.
 
 
 19
 The majority opinion states that it will affirm the conviction of defendant, Guadalupe Guzman, Jr. ("Guzman"), on "two grounds". First, the Court indicates that Guzman's co-defendant, Kadriye Alman ("Alman"), possessed common authority over the automobile and the ability to consent to a search of the vehicle. The facts also indicate that Alman gave valid verbal and written consent to the search of the vehicle.
 
 
 20
 Section II.B. of the majority opinion further finds that there was probable cause to search the vehicle based on the marijuana cigarette present in Alman's purse. The district court, however, did not discuss whether the officers had probable cause to search the vehicle in denying Guzman's motion to suppress. Therefore, I think the majority opinion improperly discusses this second and independent ground. Accordingly, I would affirm the conviction only on the basis of the valid consent given by Alman to search the vehicle over which she had common authority.
 
 
 
 [1]
 More recently we have concluded that where police coercion is alleged, due process requires a de novo review of factual findings. See United States v. Rigsby, 943 F.2d 631, 635 (6th Cir.1991). In this case, defendant has not argued coercion; the clearly erroneous standard therefore applies