54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Domingo Ramon DUARTE, Defendant-Appellant.
 No. 94-1234.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1995.
 
 Before: WELLFORD, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Domingo Ramon Duarte, appeals his conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. Sec.841. His issues on appeal involve the stopping of his vehicle and the subsequent search, which turned up the marijuana for which he was charged. For the reasons stated below, we affirm.
 
 I.
 
 2
 On December 23, 1992, Duarte was stopped in Michigan for driving a vehicle with an expired license plate and for speeding. The officers who stopped him were a Swartz Creek police officer and Sergeant Blough, a member of a special operations unit of the Flint Police Department. Duarte produced evidence that the license plate had been renewed the previous day. Vindicated on the expired license plate violation, Duarte was issued a speeding ticket. While the Swartz Creek officer was issuing the speeding ticket, Blough talked to Duarte. Duarte told Blough that he was in Flint to see a married girlfriend who lived in a town across the state. Duarte knew her name, but not her address or phone number.
 
 
 3
 Blough had been following Duarte because he suspected him of being involved in drug trafficking. In fact, Blough had received a tip on December 19, 1992, that a drug dealer was staying in a particular room at a local hotel. Blough's partner, Officer Sorensen, checked the hotel roster and discovered Duarte was staying in that room, registered under a Texas address and driving a truck with Michigan license plate number TN-7099. The license plate was not registered to Duarte but to someone from Flint. Blough discovered a truck in the hotel parking lot with license plate number TN-7088, which was registered to Duarte. Blough ran a check on the license and discovered that it had expired.
 
 
 4
 Blough also noticed that Duarte went out into the cold weather to make a call on a pay phone, even though he presumably had a phone in his room. Because of his suspicions, Blough walked a narcotics-detection dog around Duarte's truck, but the dog did not react to the truck. On December 23, 1992, Blough ran another check on the license plate, which revealed that it was still expired.
 
 
 5
 After Duarte checked out of the hotel that day, Blough followed him and stopped him for the expired license plate. Although Duarte was told he was not under arrest, and was free to go as soon as the speeding ticket was issued, he consented to a search of his person. He refused, however, to consent to a search of his vehicle. Blough then walked the narcotics-detection dog around Duarte's truck, and the dog alerted positively for narcotics on the tailgate of the truck. Blough informed Duarte that he intended to search the truck. Duarte became upset; he walked out into the expressway, crying, stating that he did not care if he was hit by a car.
 
 
 6
 Duarte was arrested for interfering with a police officer. A search of the truck revealed approximately 340 pounds of marijuana, packaged in compressed blocks wrapped in cellophane. Duarte was then arrested for possession with intent to distribute marijuana.
 
 
 7
 Duarte was indicted on one count of possession with intent to distribute marijuana. He filed a motion to suppress the evidence, claiming the stop of his vehicle was pretextual. He later entered a conditional plea of guilty, reserving his right to appeal the district court's ruling on his motion to suppress. At sentencing, the district court denied the motion to suppress, and sentenced Duarte to 60 months imprisonment.
 
 II.
 
 8
 The district court's findings of fact regarding the circumstances surrounding the stop are amply supported by the record and are not in error. See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). Although the district court's factual findings should not be reversed on appeal unless clearly erroneous, we review de novo the district court's application of law to the facts, such as a finding of probable cause. See United States v. Ogbuh, 982 F.2d 1000, 1002-3 (6th Cir. 1993). We first must determine whether the stop of Duarte's vehicle was valid. Duarte claims that the stop was pretextual, as it was based primarily on the officer's suspicion that Duarte was engaged in drug trafficking, rather than the traffic violation.
 
 
 9
 In determining whether a traffic stop is pretextual, this court looks only to whether the officer had probable cause to believe that a traffic violation had occurred, not whether that officer had other suspicions about the traffic violator. As we stated in United States v. Ferguson:
 
 
 10
 We focus not on whether a reasonable officer "would" have stopped the suspect (even though he had probable cause to believe that a traffic violation had occurred), or whether any officer "could" have stopped the suspect (because a traffic violation had in fact occurred), but on whether this particular officer in fact had probable cause to believe that a traffic offense had occurred, regardless of whether this was the only basis or merely one basis for the stop. The stop is reasonable if there was probable cause, and it is irrelevant what else the officer knew or suspected about the traffic violator at the time of the stop.
 
 
 11
 8 F.3d 385, 391 (6th Cir. 1993) (emphasis added).
 
 
 12
 The officers clearly had probable cause to stop Duarte. He was driving 75 mph in a 65 mph zone and was driving with an apparently expired license plate in violation of MCLA Sec.257.225. Blough's additional suspicions about Duarte's illegal activity do not invalidate the traffic stop.
 
 
 13
 Duarte argues that, even if the stop was valid, it did not give the officers probable cause to search his vehicle, as "[t]he officer would not find any further evidence of the speeding infraction during the search." It was not the traffic stop, however, which gave probable cause for the search, but the dog's alerting to the presence of drugs within the truck.[1]
 
 
 14
 We need not ask whether the stop gave the officers probable cause to conduct a dog sniff of Duarte's vehicle. Probable cause is not needed for a dog sniff, as there is no reasonable expectation of privacy in the airspace surrounding an object. See United States v. Lewis, 708 F.2d 1078, 1080 (6th Cir. 1983) ("[t]he odor emanating from even a closed object is accessible to the public foreclosing an expectation of privacy"). Contrary to Duarte's assertions, the use of a dog to detect the odor of contraband is not analogous to the use of binoculars or magnifying devices to observe objects or activities not exposed to public view. A dog sniff is not, in and of itself, a search for purposes of the Fourth Amendment. See United States v. Place, 462 U.S. 696, 707 (1983) (no probable cause necessary to conduct dog sniff of luggage in a public place). See also United States v. Diaz, 25 F.3d 392, 394 (6th Cir. 1994) (having a trained dog sniff a vehicle lawfully stopped in a public place is not a search).
 
 
 15
 The dog's alert to the presence of contraband within the truck established probable cause justifying a search of Duarte's vehicle for contraband. See United States v. Knox, 839 F.2d 285, 294 n.4 (6th Cir. 1988), cert. denied, 490 U.S. 1019 (1989). Once probable cause existed, the officers could search any portion of or container in the vehicle where contraband might be hidden. United States v. Crotinger, 928 F.2d 203, 205 (6th Cir. 1991) (citing United States v. Ross, 456 U.S. 798, 823-4 (1982)).
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 We do not address whether the duration of a traffic stop affects the validity of the stop, as there is no evidence that Duarte was detained longer than was necessary for completion of the traffic citation in order to facilitate the dog sniff of his car