81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael MITCHELL, Defendant-Appellant.
 No. 95-3671.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1996.
 
 Before: KRUPANSKY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Michael Mitchell appeals his conviction for possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and traveling in interstate commerce with intent to promote unlawful activity in violation of 18 U.S.C. §§ 1952 and 2. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking to suppress the crack cocaine found in his car, Mitchell argued that: 1) there was no probable cause to stop the car; and 2) a drug dog's "alert" was not sufficient to establish probable cause to search the car. The district court denied Mitchell's motion to suppress, the jury found Mitchell guilty, and the district court sentenced Mitchell to serve 240 months in prison.
 
 
 3
 In his timely appeal, Mitchell argues that the drug dog was not reliable. Mitchell asserts that in order for a drug dog's reaction to be reliable, the dog should be tested on a "clean" car before the dog is allowed to sniff a suspect's car. Mitchell contends that in this case the dog's reaction to the presence of narcotics did not establish probable cause to search the car because the dog was not first tested on a clean car. Thus, he argues, the cocaine found in the car should have been suppressed.
 
 
 4
 Initially, we note that Mitchell does not assert on appeal that there was no probable cause to stop the car. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In addition, Mitchell's argument on appeal is not precisely the same claim he asserted in the district court. At the suppression hearing, Mitchell claimed that the government did not establish the dog's reliability. On appeal, Mitchell elaborates slightly and contends that the dog was unreliable because it was not first tested on a clean car before it was allowed to sniff Mitchell's car. Generally, unless exceptional circumstances are present, the court will not address an issue not first raised in the district court. See Noble v. Chrysler Motors Corp., Jeep Div., 32 F.3d 997, 1002 (6th Cir.1994). The court, however, may address new issues if they are extensively briefed on appeal and concern wholly legal matters. United States v. Pickett, 941 F.2d 411, 414 (6th Cir.1991). Inasmuch as Mitchell did raise in the district court the issue regarding the dog's reliability, and the issue of first testing the dog before allowing it to sniff a suspect's vehicle is a wholly legal matter, Mitchell's argument on appeal will be considered by the court.
 
 
 5
 This court accepts the district court's findings of fact in connection with a motion to suppress unless they are clearly erroneous and reviews the court's conclusions of law de novo. United States v. Dotson, 49 F.3d 227, 229 (6th Cir.1995).
 
 
 6
 Mitchell contends that police officers did not have probable cause to search his car, even after a drug dog alerted to the presence of contraband, because the dog had not first been tested for false-alerts on a clean test vehicle. A warrantless search of a vehicle lawfully stopped by the police does not violate the Fourth Amendment if the officers have probable cause to believe the vehicle contains contraband. United States v. Paulino, 935 F.2d 739, 747 (6th Cir.1991), cert. denied, 502 U.S. 1036 (1992). A dog sniff is not, in and of itself, a search for the purposes of the Fourth Amendment, see United States v. Place, 462 U.S. 696, 707 (1983); United States v. Diaz, 25 F.3d 392, 394 (6th Cir.1994), and the dog's alert to the presence of contraband within a vehicle establishes probable cause justifying a search of the vehicle for contraband. See United States v. Knox, 839 F.2d 285, 294 n. 4 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989). For a positive dog reaction to support a determination of probable cause, however, the training and reliability of the dog must be established. Diaz, 25 F.3d at 394. Once probable cause exists, police officers may search any portion of, or container in, the vehicle where contraband might be hidden. United States v. Crotinger, 928 F.2d 203, 205 (6th Cir.1991).
 
 
 7
 The district court's determination that the drug dog (named Xaver) was reliable is not clearly erroneous. The district court has broad discretion in determining the admissibility of expert evidence, including the expertise and credibility of a narcotics dog. Diaz, 25 F.3d at 394. At the evidentiary hearing on Mitchell's motion to suppress, the dog's handler (Ohio State Highway Patrol Trooper Paul Newburn) testified that he has received over 400 hours of narcotics detection, and that he has been a canine handler since November of 1992, when he and Xaver graduated from the course on detecting narcotics. Newburn testified that he and Xaver were certified by a kennel's master trainer and by the National Police Work Dog Association. Newburn and Xaver were also recertified in April of 1994 with the National Police Work Dog Association. In addition, Newburn and Xaver were required to recertify every two months by the Ohio State Highway Patrol and were required to obtain national recertification every two years. Xaver and his handler have certified 100% since the day they graduated from their original narcotics detection course. Furthermore, Newburn trained with Xaver for eight hours a week plus daily training sessions. Newburn characterized Xaver as very reliable. In light of the foregoing evidence regarding Xaver's training, certification, experience, and over-all reliability, the district court did not commit clear error in determining the dog to be reliable.
 
 
 8
 Mitchell argues that a drug dog should not be considered "reliable" unless it first sniffs a "clean" test car to see if the dog mistakenly alerts. In that way, Mitchell contends, the dog would be less likely to alert because of its handler's inadvertent cues. Mitchell concedes, as he must, that there is no authority for his argument that a test car should be required. In addition, Mitchell did not present any evidence at the suppression hearing to show how or why the use of a "clean" test car would be crucial to determining whether a dog was reliable. A low percentage of false alerts is not necessarily fatal to a finding that a drug detection dog is properly trained and certified. Diaz, 25 F.3d at 396. Moreover, this court has not held that any single factor is required for determining probable cause based on a narcotics dog alert. See id. at 393-95.
 
 
 9
 Accordingly the district court's judgment is affirmed.